## WARNER *v.* HESS.

Opinion delivered January 14, 1899.

66    113
89    118

1. APPEAL—DEFAULT JUDGMENT.—Rendition of judgment by default on a complaint which fails to state a cause of action is a reversible error. (Page 115.)

2. COMPLAINT AGAINST MARRIED WOMAN—SUFFICIENCY.—A complaint seeking to hold a woman liable on a note and mortgage signed by her,

8

which shows that she is married, but fails to show that the note and mortgage are the evidence of such a contract as she is competent to make, is insufficient to support a judgment against her. (Page 115.)

Appeal from Independence Circuit Court in Chancery.

RICHARD H. POWELL, Judge.

*J. C. Yancey* and *F. D. Fulkerson*, for appellees.

A *femme covert* can bind herself by such contracts only as relate to her separate estate. 17 Ark. 194; 30 Ark. 729; *ib.* 17; *ib.* 385; 32 Ark. 776; 35 Ark. 372; 36 Ark. 476; 39 Ark. 242; *ib.* 360; 43 Ark. 166; 53 Ark. 511. A complaint, founded upon a married woman's contract, must show that the contract was such a one as the woman could make. 29 Ark. 351; 35 Ark. 270; 39 Ark. 242; 36 Ark. 479. Failure of complaint to state a cause of action can be raised at any time. 44 Ark. 60; *ib.* 205; 49 Ark. 278; 62 Ark. 138; 18 Wall. 99. It was error to render a personal judgment against appellant. 29 Ark. 353; 99 U. S. 325; Reeves, Dom. Rel. 171; 64 Ark. 381; 56 Ark. 294.

*Neill & Neill,* for appellee.

The court had jurisdiction of the persons and subject-matter, and the judgment is not void. 55 Ark. 373; 39 Ark. 243; 48 Ark. 223. Coverture is a defense which, unless pleaded at the trial, will be considered as waived. 10 Enc. Pl. & Pr. 270; 62 N. Y. 505; 53 Ark. 180; 36 Ark. 479; 22 Ark. 526–7. The debt was the *femme covert's* own debt, and a personal judgment was proper. 62 Ark. 146.

BATTLE, J. On the sixth day of August, 1894, W. T. Warner and his wife, Addie L. Warner, executed to T. M. Hess their joint and several promissory note, for the sum of $1,564.20 and ten per centum per annum interest thereon from date until paid. At the same time they executed a deed of trust conveying to Simon Adler certain lands in trust to secure the payment of the note. Hess brought this action against Warner and his wife upon the note and deed of trust, and asked for a judgment against them for the amount due on the note, and for a decree foreclosing the deed of trust. He alleged in his complaint that "defendants, W. T. Warner and Addie L.

Warner, his wife, by their joint and several note of date August 6, 1894, agreed to pay plaintiff three years thereafter the sum of $1,564.20 with interest thereon at the rate of ten per cent. per annum from date until paid, but totally failed to state any fact or facts to show that the contract evidenced by the note was such as a married woman had the power to make. He filed the note and deed of trust as exhibits to his complaint. In the deed, after W. T. Warner and Addie Warner were denominated parties of the first part, the following language was used: "Whereas, the said party of the first part are justly indebted unto the party of the third part in the full sum of $1,564.20, which is evidenced by their joint and several promissory note of even date herewith for said sum, due and payable three years after date, with interest at the rate of 10 per cent. per annum from date until paid," etc. Mrs. Warner was duly summoned, but did not appear in court nor make any defense. The cause was submitted to the trial court upon "the complaint, original note and deed of trust, * * * * the summons and return thereon;" and plaintiff recovered a judgment by default against both defendants for the sum of $1,739.91, the amount due upon the note, and a decree foreclosing the deed of trust. The lands described in the deed were sold, under the decree of foreclosure, for the sum of $1,500, which was appropriated to the part payment of the judgment. A balance having been left unpaid, Mrs. Warner appealed from the judgment against her to this court.

The record showing that she was a married woman at the time the note sued on was executed by her, and failing to show that the note was the evidence of such a contract as she was competent to enter into, appellant insists that the court erred in rendering the judgment by default against her, and that it should be reversed. Is her contention correct?

The rendition of a judgment by default upon a complaint which fails to state facts sufficient to constitute a cause of action is an error for which the judgment should be reversed on appeal. *Benton* v. *Holliday*, 44 Ark. 60; *Railway Co.* v. *State*, 58 Ark. 39; Elliott, Appellate Procedure, §§ 471, 475.

In this case it does not appear that Mrs. Warner had the power to bind herself by the promissory note upon which this

action was based. Was the appellee bound to show, in his complaint, that it was such a contract as she, as a married woman, could make, in order to state a cause of action against her? In *Stillwell* v. *Adams*, 29 Ark. 351, it is said: "As a general rule, the wife has no power to contract and bind herself; and if the pleader wishes to charge her, and fix a liability upon her to account out of her separate estate, he must state such facts as take his case out of the general rule, and fix upon her such liability; and, as these facts do not appear in the pleadings, no cause of action is made against the wife."

In *Conner* v. *Abbott*, 35 Ark. 365, the appellee, Abbott, filed a bill against James T. Martin and his wife, Kate A. Martin, and others, to foreclose a mortgage made to secure a note executed by Kate A. Martin and others to complainant on the 4th of February, 1873. Mrs. Martin answered, but did not set up her coverture at the time of the execution of the note as a defense. It appeared, however, from the evidence that she was a *femme covert* at the time plaintiff recovered a judgment against her for the amount due on the note. On appeal, this court reversed the judgment against her, saying: "As to Kate A. Martin, it is apparent that both the note and mortgage were absolutely void. She executed both, and acknowledged the latter as a *femme sole*. This she was incompetent to do. The note does not purport, nor does any proof show it, to have been executed for the benefit of herself, personally, or her seperate property."

Chollar v. Temple, 39 Ark. 238, was an action instituted by Mrs. Chollar to enjoin the sale of her property under an execution issued upon a judgment by default obtained against her upon a note executed by her and her husband while she was a married woman. In the action in which the judgment was rendered, she did not appear or defend, and her coverture did not appear from the complaint, nor in any other manner. Her complaint in the action to enjoin was dismissed, and this court affirmed the decree. In speaking of the note, the court said: "It is plain, then, that, the contract being, as to Mrs. Chollar, absolutely void, no judgment could have been rendered against her, if she had appeared and set up her coverture; and, of course, no execution. But it does not follow, as counsel seem

to urge, that the judgment itself is therefore void, if rendered by default, and remaining undisturbed by any appellate proceedings." The intimation is clear that the judgment would have been reversed upon appeal if the coverture had appeared from the record in the case in which it was rendered.

But it is said that *Stillwell* v. *Adams*, 29 Ark. 351, and *Conner* v. *Abbott*, 35 Ark. 372, "arose under contracts antedating the married woman's act of April 28, 1873." How does this act affect the rule? It does not give the wife power to contract generally, but authorizes her to contract in reference to her services, her separate estate, and in respect to a separate business carried on by her. *Walker* v. *Jessup*, 43 Ark. 166, 167; *Sidway* v. *Nichol*, 62 Ark. 152. The fact that the statute increases her power to contract does not raise a presumption, in the absence of evidence to the contrary, that a contract made by her comes within the exceptions. *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213; *Murray* v. *Keyes*, 35 Pa. St. 384; *Tracy* v. *Keith*, 11 Allen, 214. As a general rule, contracts made by a wife were void at common law, and could not be enforced against her in a court of law, but there were special exceptions to this rule. *Dobbin* v. *Hubbard*, 17 Ark. 194. Yet the presumption prevailed that a contract was void, in the absence of evidence showing it came within the exceptions. Hence the rule based upon this presumption has not been changed, and it is still necessary for a plaintiff, suing upon a contract of the wife, to state facts sufficient to show that she had the power to make it, in order to show a cause of action against her; and that a judgment by default againse her, in such an action, upon a complaint that shows she was a *femme covert* at the time the contract was entered into, and fails to show that she had the power to make it, is reversible on appeal. *Emmett* v. *Yandes*, 60 Ind. 548; *Hecker* v. *Haak*, 88 Pa. St. 238; *Koechling* v. *Henkel*, 144 Pa. St. 215; *Cary* v. *Dixon*, 51 Miss. 593.

The rule we have stated does not prevail in Alabama and New Jersey. In Alabama the statutes have abrogated the principle of the common law that the legal existence of the wife becomes merged by marriage, and established her personality separate from her husband. In *Straus* v. *Glass*, 108

Ala. 546, the court said: "Such being her legal status, under
the statute, the law will not conclude, from the fact of cover-
ture, that she was incapable of making the contract, unless
such affirmatively appears from the complaint itself.   *   *   *   *
If the complaint presents, *prima facie*, a cause of action against
the defendant,—and we hold since the adoption of the statute,
*prima facie*, a married woman is bound by her contracts,—a
plea of coverture, without additional averments, does not answer
the complaint. We see no good reason for holding that the
plea of coverture should imply all that such a plea implied at
common law, since the reason why it was given such effect can-
not arise under our statute."

The statutes of this state do not authorize the wife to con-
tract generally, nor entirely establish her personality, separate
from her husband. In *Kies* v. *Young*, 64 Ark. 385, Mr. Justice
Riddick, speaking for the court, said: "Notwithstanding the
important changes wrought by our statute concerning the pow-
ers and rights of married women, many of the rules of law
resting upon this unity of the husband and wife are still en-
forced by the courts of this state. This court, since the passage
of the statute above referred to, has held that, by reason of
such unity, the husband and wife cannot contract with each
other,  ·*   *   *   nor become partners in business,   *   *   *
nor sue each other in a court of law.   *   *   *   By reason of
this legal unity, land in this state conveyed to the husband and
wife jointly vests in them an estate by entirety, so that the
survivor takes the whole, whereas, but for this theory of legal
unity, they would take as tenants in common.   *   *   *   It will be
seen, by reference to these and other decisions of this court, that
the common-law unity of the husband and wife still exists in
this state, except so far as the legislative purpose to modify it
and change it has been expressed by the statute."

Assuming the theory upon which the Alabama rule is
based to be correct, it does not follow that it should be en-
forced under the statutes of this state. A rule similar to that
in Alabama is or was in force in New Jersey, but it was based
upon a statute essentially different from ours; and we find in
the cases in which it was enforced no reason why it should be

adopted in this state. *Hinkson* v. *Williams*, 12 Vroom, 35; *Vansyckel* v. *Woolverton*, 56 N. J. L. 8.

Our attention has been directed to *Frecking* v. *Rolland*, 53 N. Y. 422. In that case the coverture of the defendant and her competency to make the contract sued on was shown by the evidence adduced at the trial, and the question in this case was not decided. The language of the court should be understood by applying it to the facts in that case.

Appellee relies on the language used in the deed of trust as sufficient to show that appellant was bound to pay the note. But that does not show that she was competent to bind herself. She virtually made the same declaration in the note, and the deed adds no force to it.

The judgment against the appellant is reversed, and the cause is remanded.

WOOD, J., dissents.

RIDDICK, J., (dissenting.) At common law the legal existence of a woman was suspended by marriage. She could not, when married, make contracts binding upon herself. "There is indeed one case," says Blackstone, "when the wife shall sue and be sued as a *femme sole*, viz., where the husband has abjured the realm or is banished, for then he is dead in law." 1 Blackstone, Com. 443.

But in this state the law has been changed by statute. She may buy, own and sell property, borrow money, carry on business, perform labor or services for her sole or separate account, and may sue and be sued on account of her property, business or services. Sand. & H. Dig. § 4946. I think, under this statute, her contract, such as a note or mortgage, should be taken as *prima facie* valid unless there be something on its face to show to the contrary. In an action upon such contract she should be sued just as if she were single, and if she has a defense not apparent upon the face of the complaint, she should be required to set it up by answer, as other defendants are required to do. I think that the complaint in this case was sufficient, and, as Mrs. Warner was duly summoned, and failed to put in any defense, the judgment against her was proper, and should in my opinion be affirmed.