BEVERLY v. NANCE.

Opinion delivered November 1, 1920.

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND.—Under Kirby's Dig., § 5215, providing that no contract of a married woman in respect to her separate property or in carrying on her trade or business shall be binding on her husband, a husband is still liable for the necessaries of life furnished his wife and for her reasonable burial expenses.

2. HUSBAND AND WIFE—HUSBAND PAYING WIFE'S TAXES.—A husband who paid taxes on his wife's home occupied by him during her lifetime is not entitled to reimbursement therefor, as his occupancy was reimbursement for the taxes.

3. SUBROGATION—HUSBAND PAYING WIFE'S MORTGAGE.—Where a husband paid off his wife's mortgage under agreement with her that he should have a lien therefor, he is entitled to be subrogated to the rights of the mortgagee.

4. HUSBAND AND WIFE—PRESUMPTION OF GIFT OVERCOME WHEN.—Where a wife executed a mortgage to improve her own land, and the husband paid off the mortgage, his testimony that she agreed that he should have a lien therefor overcame the presumption that the payment was intended as a gift or as remuneration for his use of the property.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed in part.

*J. N. Rachels,* for appellant.

Kirby's Digest, § 5215, overthrows the law as announced by the court below, and the court erred in disallowing the claims and holding that the husband was responsible or liable for the wife's debts. 48 Ark. 386; 14 *Id.* 615; 52 *Id.* 1-11; 80 Ark. 37; 135 *Id.* 291. The husband was not liable for the wife's debts.

*Brundidge & Neelly,* for appellee.

A husband is liable for the necessaries for his wife as well as her funeral expenses and expenses of her last illness. 13 R. C. L., p. 1213, § 247; *Id.,* p. 1050, § 70.

None of the cases cited for appellant are applicable here.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of White County, disallowing claims

in the aggregate sum of $200, which had been probated against the estate of Ada Beverly, deceased, in the probate court of said county. Ada Beverly died on the 17th day of March, 1917, leaving as her only heirs, Ed. Beverly, Lena Nance and Sam Simpson. At the time of her death, she owned no personal property, but was the owner of a house and lot in Searcy, upon which she and her surviving husband had resided for twenty years. Her husband, Ed. Beverly, administered upon the estate. The following claims were presented, allowed by the administrator, approved and classified by the probate judge: Dr. L. E. Moore, $35 for medical services; J. A. Chandler, $55 for funeral expenses; Ed. Beverly, $60 for a sidewalk, $84.50 for a well, $35 for taxes and $10 for funeral expenses. Appellant, Ed. Beverly, employed the physician and undertaker and paid their claims when probated out of his own funds. Some three or four years before his wife died, appellant had a well put down on her property at a cost of $84.50, of which amount he paid $35 or $40, the balance being paid by his wife. He also had a walk constructed on the property at the cost of $50. The money to pay for it was obtained from John Wrape by mortgage on said property executed by his wife. This mortgage was paid by him out of his own funds at his wife's instance, with the understanding that he should have a lien on the property for it. He paid $35 delinquent taxes against the property out of his own funds, but could not remember for what year. He also paid $10 out of his own funds for funeral expenses.

The circuit court disallowed all the claims upon the ground that a husband is responsible for his wife's debts. Appellant contends that the court erred because a husband is exempt from liability for his wife's debts under section 5215 of Kirby's Digest, which is as follows: "No bargain or contract made by any married woman, in respect to her sole and separate property, or any property which may come to her by descent, devise, bequest, purchase, or gift or grant of any person, and no bargain or contract entered into by any married woman, in or about

the carrying on of any trade or business, under any statute of this State, shall be binding upon her husband, or render him or his property in any way liable therefor.''

It will be observed that this section only exempts the husband from liability for debts of the wife in relation to her separate property or trade and business carried on by her. No change was made by this statute in the liability of a husband for the necessaries of life of a wife. Incident to the duty of a husband to maintain his wife is the corresponding duty of paying for her reasonable burial expenses. 13 R. C. L., p. 1213. But, aside from the duty imposed by the law, the record reflects that the claims of the physician and undertaker represent indebtedness incurred directly by appellant. The physician inferably attended upon Mrs. Beverly at the request of appellant. He testified that he asked Dr. Moore how much he owed him. He ordered the casket, burial robe, etc., from the undertaker.

The record also reflects that the well was dug at the instance of appellant. He employed Ben Horton to dig the well at a cost of $84.50. His wife paid a part of it, and he paid $35 or $40 of the amount out of his own funds long before his wife died. It was his own debt, and not the debt of his wife.

It is also disclosed by the record that the claim probated by appellant for taxes was for taxes paid by him during the time he occupied the premises. His occupancy was reimbursement for the payment of the taxes.

The payment of the mortgage representing the cost of the sidewalk by appellant, at the request and instance of his wife, under agreement that he should have a lien therefor, clearly entitled appellant to subrogation to the rights of the mortgagee. The testimony of appellant, supported by the fact that his wife executed a mortgage to secure the money to pay for the sidewalk constructed on her own land, overcame the presumption that the payment was intended as a gift or as remuneration for the use of the property. It was a payment by the husband of

his wife's debt, under promise that he should have a lien therefor on the property. It was not his individual obligation nor a gift to his wife.

The judgment is affirmed as to the disallowance of all claims except the claim for the sidewalk. As to that, it is reversed and remanded with directions to allow the claim.