HOLMES *v.* HOLLINGSWORTH.

5-2521                                        352 S. W. 2d 96

Opinion delivered December 18, 1961.

*Martin, Dodds & Kidd,* and *Barber, Henry, Thurman & McCaskill,* for appellant.

*Moncrief & Moncrief* and *Howell, Price & Worsham,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a damage action which resulted from a motor vehicle collision. Appellee, Mrs. Hollingsworth, and her baby daughter, Glenna Faye, were seated in a car waiting for a traffic light to change when the appellant, Holmes, drove into the rear of their car with such force that Mrs. Hollingsworth and the baby were both injured. Trial resulted in jury verdicts as follows: for Mrs. Hollingsworth, $2,500.00 compensatory damages, and $2,500.00 punitive damages; and for the Hollingsworth baby, $1,500.00 compensatory damages, and $2,500.00 punitive damages. From a judgment in accordance with the verdicts, appellant Holmes brings this appeal, presenting the points herein discussed.

I. *Instruction No. 6.* This instruction given by the Trial Court reads:

"If you find that the plaintiff, Mrs. C. T. Hollingsworth, is entitled to recover under these instructions, you will assess damages, if any, in favor of her in such sums as you find from a preponderance of the evidence will reasonably compensate her for the medical expenses she has incurred to date, if any, and the medical expense she will sustain in the future, if any; the mental pain and suffering she has endured to date, if any, and the mental pain and suffering she will endure in the future, if any, and upon these elements of damage you will assess such sums as in your judgment you find from a preponderance of the evidence will reasonably compensate Mrs. C. T. Hollingsworth, individually, for the injuries and damages she has sustained, if any.

"You are further told that if you find the plaintiffs are entitled to recover under these instructions, you will assess such additional sums in favor of the plaintiff, Mrs. C. T. Hollingsworth, as mother and next friend of

Glenna Faye Hollingsworth, a minor, as you find from a preponderance of the evidence will reasonably compensate her for the hospital and medical expenses she has incurred in behalf of said infant, if any, by reason of said injury, if any, and such sums as you find will reasonably compensate said child for the pain and suffering it sustained, and upon these elements of damage you will award such sum for the use and benefit of said minor child, Glenna Faye Hollingsworth, as in your judgment you find from a preponderance of the testimony will reasonably compensate her for the injuries and damages they have sustained, if any.'"[1]

It was shown by the evidence that the medical and drug bills to the date of the trial were in excess of $200.00; but appellant claims that these bills should have been paid by Mr. C. T. Hollingsworth as husband and father, and that Mrs. Hollingsworth cannot recover for these bills. It is true that we held in *Beverly* v. *Nance,* 145 Ark. 589, 224 S. W. 956, that a husband is liable for the necessaries of life furnished to his wife. But that holding does not prevent a wife from recovering from a wrongdoer the amounts she incurred on her own initiative or the amounts she may reasonably incur in the future as a result of the acts of the wrongdoer. Section 55-401 Ark. Stats. provides in part: "Every married woman and every woman who may in the future become married, shall have all the rights to contract and be contracted with, to sue and be sued, and in law and equity shall enjoy all rights and be subjected to all the laws of this State, as though she were a *femme sole;* . . . " So we see no merit in the appellant's claim that Mrs. Hollingsworth was not entitled to recover for

[1] Here is the objection the appellant offered to this instruction: "To which said instruction the defendant objected generally and further specifically to that part of the instruction which permits the jury to take into consideration as an element of damage any future pain and suffering or future medical expenses incurred or to be incurred as a result of the accident in question for the reason the testimony is that she has fully recovered without any permanent disability and Dr. Stone testified he had recommended Mrs. Hollingsworth to Dr. Carruthers, a specialist, and that Dr. Carruthers told him she had fully recovered and that he concurred in that opinion."

the medical and drug bills which she had incurred or might reasonably incur in the future.

Appellant also claims that there is no evidence that Mrs. Hollingsworth will have any future pain or damages; and on this contention the appellant is also in error. Dr. Stone, one of the physicians who treated Mrs. Hollingsworth, testified that she received, *inter alia,* a whiplash injury; that she had to wear a neck collar for some time; that at the time of the trial (over fifteen months after the injuries) she was still in need of tranquilizer drugs; that she would probably continue to need them in the future; and would probably also have a recurrence of pain in the neck. In view of this and other testimony in the record, we cannot agree with the appellant's claim that there was no evidence to support an instruction on future pain, suffering, damages, or medical expense.

II. *Excessiveness of The Verdicts.* As aforesaid, the jury awarded $2,500.00 for compensatory damages to Mrs. Hollingsworth and $1,500.00 for compensatory damages to the baby, Glenna Faye. These verdicts are not excessive. There is no need for us to detail all of the injuries suffered and the pain endured, or to detail the many trips to the doctor and the bone specialist. We conclude that the verdicts for compensatory damages should remain undisturbed.

As regards the verdict for punitive damages,[2] the situation is different. There was ample evidence to take

---

[2] The Court, without objection, gave this instruction on punitive damages:

"You are instructed that if you find for the plaintiffs in compensatory damages, then you may consider the question of punitive damages. You are instructed that punitive damages are defined as damages assessed by way of punishment to the wrongdoer, or as an example to others, and may not be assessed in any event except after compensatory damages have been assessed against the defendant.

"You are further instructed that punitive damages are not intended to remunerate the injured party for damages he may have sustained. They are not to compensate; they are the penalty the law inflicts for wilful, wanton and culpable negligence, and are allowed as a warning or as an example to the defendant and others.

"Therefore, if you find from a preponderance of the evidence that the defendant's negligent acts, if any, were committed wilfully or wantonly, then you are told if you find for the plaintiffs in compensa-

the case to the jury on the question of punitive damages. It was shown that Mr. Holmes was intoxicated at the time he drove into the rear of the Hollingsworth car; that he got out of his car and went to the Hollingsworth car and insisted that there was nothing wrong with the baby, who at that time was unconscious and barely breathing; and it was shown that Holmes' conversation and locomotion were noticeably affected by the intoxicants. In *Miller* v. *Blanton,* 213 Ark. 246, 210 S. W. 2d 293, in affirming a judgment for punitive damages against a drunken driver, Mr. Justice Robins said:

"The evidence showed that Miller, after drinking intoxicating liquor to the extent that his talk and his walk were noticeably affected, and to the extent that, according to his own statement, he was 'half drunk,' entered his car and sought to drive it over an improved state highway. In doing this he violated the criminal laws of this state (§ 6707, Pope's Digest).

"When Miller imbibed alcoholic liquor he knew that he was taking into his stomach a substance that would stupefy his senses, retard his muscular and nervous reaction, and impair, if not destroy, the perfect coordination of eye, brain and muscles that is essential to safe driving. After Miller voluntarily rendered himself unfit to operate a car properly he undertook to drive his automobile, a potentially lethal machine, down a well traveled highway. His conduct in doing this was distinctly anti-social, and the jury was amply authorized in saying by their verdict that he was exhibiting a 'wanton disregard of the rights and safety of others.' " To the same effect, see also *Vogler* v. *O'Neal,* 226 Ark. 1007, 295 S. W. 2d 629; and *Hall* v. *Young,* 218 Ark. 348, 236 S. W. 2d 431.

It is when we come to the amount of the punitive damages awarded in the case at bar that we experience difficulty. In 15 Am. Jur. 738, "Damages" § 297, many cases are cited to sustain the text:

---

tory damages, you may assess punitive damages in such amount as you may deem sufficient under the evidence, if any, to punish him for his misconduct, if any, and to serve as a proper warning to others."

"An award of exemplary damages is subject to revision by the court to the same extent as awards of compensatory damages. It is difficult to lay down any rule for testing the question of excess in a verdict for punitive or exemplary damages. In general, the award will be set aside if it is grossly excessive or appears to be the result of passion, prejudice, improper sympathy, improper remarks and conduct of the plaintiff's counsel, . . ."

In discussing the elements of punitive damages in § 298 of the same article, the text reads:

"In assessing exemplary damages the nature, extent, and enormity of the wrong, the intent of the party committing it, and, generally, all the circumstances attending the particular transaction involved, including any mitigating circumstances which may operate to reduce without wholly defeating such damages, may be taken into consideration, and so, as a rule, may the financial and social condition and standing of the party."

And in § 346 of the same article there is this statement:

"As a general rule, evidence of the plaintiff's pecuniary circumstances is admissible where the case is such as will justify the award of exemplary damages, although there is authority to the contrary. In most jurisdictions evidence of the financial condition of the defendant is admissible and may be considered by the jury in determining the amount of exemplary damages to be allowed and what amount of punishment would be inflicted thereby on the theory that the allowance of a given sum would be a greater punishment to a man of small means than to one possessing larger wealth."

In the case at bar, Mr. Holmes offered no evidence to contradict the plaintiffs' proof of negligence, but contented himself with a frank showing of his own financial status, and the undisputed showing that he and his wife had visited Mrs. Hollingsworth and the baby the day after the injuries and offered sympathy and condolence. The only defense offered by Mr. Holmes in this case was an effort to reduce the amount of punitive damages. It

was shown, without objection, that Mr. Holmes was a plumber by trade and made $2.50 an hour when employed, but that he had been out of employment for some time; that he did not make enough money in 1960 to file an income tax return; and that his only possible assets were a rent house for which he paid $3,500.00 and a 1956 automobile that was worth $600.00. He even showed that none of his life insurance policies had any cash surrender value.

The jury found that $4,000.00 would compensate Mrs. Hollingsworth and the baby daughter for their injuries. Punitive damages are not intended to remunerate the injured parties for the damages sustained. Punitive damages are the penalty which the law inflicts on the guilty party, and are allowed as a warning or an example to others. What would be sufficient punitive damages against one person might be grossly excessive against another. After weighing all the evidence in this case and taking into consideration that the sole evidence offered by Mr. Holmes was on the matter of punitive damages, we have concluded that a verdict for punitive damages of $1,250.00 for each of these appellees—or a total judgment of $2,500.00 for all punitive damages—is fair and reasonable, and that any amount in excess of a total of $2,500.00 punitive damages would be grossly excessive.

If, therefore, within seventeen calendar days, the appellees will enter a remittitur for all punitive damages in excess of a total of $2,500.00 for the two appellees, then the judgment will be affirmed. Otherwise, the judgment will be reversed and the cause remanded.

JOHNSON, J., would not disturb the jury verdict.

ROBINSON, J., would reduce the punitive damages to a total of five hundred dollars.