CLEVELAND METROPOLITAN GENERAL HOSPITAL, APPELLANT, *v.* OLEKSIK ET AL., APPELLEES.

(No. 52773—Decided November 2, 1987.)

*Kasdan, Baxter & Lamm* and *Howard P. Kasdan,* for appellant.

*William Hamann, Jr.,* for appellees Ann Oleksik et al.

McCRYSTAL, J. This cause comes on appeal from the Court of Common Pleas of Cuyahoga County. It is admitted by all parties that appellee's husband was hospitalized at the Cleveland Metropolitan General Hospital, hereinafter referred to as "Metro," from August 30, 1979 until his death on October 22, 1979. During that hospitalization, appellee's husband received necessary medical care, treatment and services. Total charges for the hospitalization were $15,900 and there is a balance of $7,970 due and owing to Metro.

Appellee and her husband executed a quitclaim deed of their residence to their son two days before decedent's death. It appears that no consideration passed between the son and his parents. The quitclaim deed was filed for record twelve days after the death of the decedent.

Appellee was appointed executrix of the estate of her deceased husband in the Cuyahoga County Probate Court. The appellant's claim for $7,970 was not presented to the executrix for payment. The probate court determined the estate to be insolvent.[1]

Metro commenced suit on October 21, 1981 in the Cuyahoga County Court of Common Pleas against Ann Oleksik, John G. Oleksik, and Judith A. Oleksik. The defendants filed an answer and defendant John G. Oleksik filed a counterclaim to which Metro responded by reply.

Metro filed a motion for summary judgment on January 10, 1983 and defendants filed a brief in opposition. Without opinion, findings, or conclu-

sions of law, the trial court entered "Judgment for Defendant[s]" on April 25, 1983.

Appellant assigns the following errors:

"I.  The trial court erred in finding '[j]udgment for defendant[s]' *sua sponte.*

"II.  The wife of a decedent is personally liable for the last illness expenses of her husband if he is unable to pay for them and she can.

"III.  A statutory duty of support placed upon the husband without a coexisting obligation upon the wife violates the Constitution's Equal Protection Clause.

"IV.  The transfer of the real property by decedent and defendant Ann Oleksik to their son was fraudulent and void as to plaintiff.

"V.  Defendant Ann Oleksik is liable to plaintiff for the last illness expenses of decedent notwithstanding the failure of plaintiff to timely present a claim to the estate of decedent."

The decision in this case must evolve from a discussion of two key issues:

(1)  Is the wife of a decedent personally liable for the last illness expenses of her husband?

(2)  Is the transfer of the family residence by a decedent and spouse to their child two days before the death of the decedent, with no exchange of consideration, fraudulent?

Assignments of Error Nos. I, II, III, and V will be treated together in a discussion of Issue (1).

With respect to Issue (1), this court is of the opinion that in the year 1987 common sense, elementary fairness and a simple understanding of the federal and state court opinions on this

---

[1] This court has previously ruled that failure to prosecute a claim against the estate of a deceased spouse does not bar an action against the surviving spouse for last illness expenses. *Cleveland Metro. Gen. Hosp.* v. *Firestone* (Aug. 14, 1980), Cuyahoga App. No. 40967, unreported.

question would dictate that the wife of a decedent is responsible for her husband's necessities at his last illness if his estate is not able to pay, irrespective of the provisions of R.C. 3103.03 and 3103.05.[2]

A review of the case law discloses that few Ohio courts have been faced with this issue. Judge David S. Porter, a distinguished authority on domestic relations and family law, articulated in *Smith* v. *Snapp* (C.P. 1961), 87 Ohio Law Abs. 318, 16 O.O. 2d 304, 175 N.E. 2d 333, what the law was and should be long before "equal protection" became a major constitutional issue in cases where gender was involved.

In that well-reasoned opinion, Judge Porter adopted language from Rockel, The Complete Law and Practice in the Probate Courts of Ohio (4 Ed. 1924), Section 649, at 568b:

" ' "The author believes that under these statutes the wife is liable for the funeral expenses and those incurred during her husband's last illness even where she has not directly contracted for them, and that the Court will finally so hold, where the husband has no estate." '

"With this, the Court agrees * * *."[3] *Id.* at 320, 16 O.O. 2d at 305, 175 N.E. 2d at 335.

This court finds no reason, constitutional or otherwise, why the ruling in *Smith, supra,* should not apply here and throughout this state. Selective use of the Equal Protection Clause based on gender ought not to be permitted in cases of this nature.

We approve the language succinctly stated by the New Jersey Supreme Court in *Jersey Shore, supra,* at fn. 2. That court stated at 84 N.J. at 141, 417 A. 2d at 1005, 11 A.L.R. 4th at 1150:

"* * * both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage. As long as the marriage subsists, the financial resources of both spouses should be available to pay a creditor who provides necessary goods and services to either spouse."

This court is of the opinion that a surviving spouse, whether male or female, even though no written contractual obligation exists, should be required to pay for the deceased spouse's expenses for the last illness and necessities provided by third parties.

Regarding Issue (2), it is our opinion upon review of the facts and circumstances of record that the real estate transfer in this case was fraudulent as to the decedent's creditors, including Metro. This court offers the Uniform Fraudulent Conveyances Act (R.C. Chapter 1336) and the statutes and the case law of this state as the bases for its opinion and therefore finds it unnecessary to cite any additional authorities.

In view of the opinion of this court as to the issues discussed, we find the five assignments of error briefed by the appellant to be well-taken.

*Judgment reversed
and cause remanded.*

STILLMAN, P.J., and MALLONE, J., concur.

---

[2] An exhaustive collection of cases is found in Annotation, Wife's Liability for Necessaries Furnished Husband (1982), 11 A.L.R. 4th 1160. See, also, *Jersey Shore Medical Center-Fitkin Hosp.* v. *Estate of Baum* (1980), 84 N.J. 137, 417 A. 2d 1003, 11 A.L.R. 4th 1147; 47 Ohio Jurisprudence 3d (1983), Family Law, Section 607.

[3] It should be noted that the Supreme Court of Ohio in *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99, 102, 53 O.O. 2d 282, 283, 264 N.E. 2d 911, 914, "approved" *Smith* v. *Snapp, supra.*

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District; JOSEPH P. MALLONE, J., retired, of the Ashtabula County Court of Common Pleas; and JAMES L. MCCRYSTAL, J., retired, of the Erie County Court of Common Pleas, sitting by assignment.