Kathryn MEDLOCK v. FORT SMITH SERVICE FINANCE CORPORATION

90-340                                    803 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered February 25, 1991

*Michael J. Medlock*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Kathryn Medlock, appeals from the order entered June 22, 1990, awarding summary judgment to appellee, Fort Smith Service Finance Corporation. Appellee, the assignee of a hospital account from Sparks Regional Medical Center, on November 3, 1989, filed suit against appellant and her husband, John Ervin Medlock, Jr., to recover for medical "goods and/or services" provided to Mr. Medlock by Sparks. Although appellant filed a timely answer to the complaint, Mr. Medlock did not answer and on January 30, 1990, the court entered a default judgment against him. On March 22, 1990, a writ of execution was issued; the Sheriff's Return, which was dated the same day, stated, "sent back - defendant J.E. Medlock has nothing of value in his name to levy on." Appellee, on March 19, 1990, filed a motion for summary judgment against appellant. At a hearing on the motion appellee argued that the common law doctrine of necessaries should be applied to hold appellant liable for the account as the wife of John Ervin Medlock. The doctrine of necessaries provides that the husband is liable to a creditor for necessaries furnished to his wife. *See Arkansas State Hospital* v. *Kestle*, 236 Ark. 5, 364 S.W.2d 804 (1963); *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96 (1961). We note that under Arkansas common law the wife has not been held to be similarly liable. In fact, prior to the enactment of 1915 Ark. Acts 159, a married woman was not even liable on her own contracts. *See Warner* v. *Hess*, 66 Ark. 113, 49 S.W. 489 (1899). Regardless, the court granted appellee's motion.

Appellant argues that the trial court's decision was clearly against the preponderance of the evidence and its granting summary judgment was error as a matter of law. She contends there is no basis in law for finding her liable for the debt.

Appellee, on the other hand, insists the equal protection clause of the United States Constitution requires that we extend the liability of providing necessaries to the wife. The United State Supreme Court has indicated it will strike down all gender based laws which do not serve a legitimate governmental purpose and are reasonably designed to accomplish that purpose. *See Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981). However, for a litigant to have standing to challenge the constitutionality of a law, it must be unconstitutional as applied to him. *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980). The general rule is that one must have suffered injury or belong to a class which is prejudiced in order to have standing to challenge the validity of a law. *Stokes, supra.* Constitutional rights are personal rights and may not be raised by a third party, although there is a narrow exception for cases in which the issue would not otherwise be susceptible of judicial review and it appears that the third party is sufficiently interested in the outcome that the interest of the party whose constitutional rights were allegedly deprived would be adequately represented. *Kennedy* v. *Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988). The exception does not apply here; appellee, therefore, does not have standing to raise the equal protection issue.

When raised by an appropriate party, other jurisdictions have considered and decided issues pertaining to the common law doctrine of necessaries and its relation to statutory provisions governing marital rights and obligations. *See Cleveland Metro. Gen. Hosp.* v. *Oleksik*, 38 Ohio App. 3d 21, 525 N.E.2d 831 (1987); *Schilling* v. *Bedford City Mem. Hosp.*, 225 Va. 539, 303 S.E.2d 905 (1983). On the facts before us, however, we see no need to address either the question of whether the common law doctrine of necessaries is actually in force in Arkansas any longer or, if it is, whether the equal protection clause requires that it be extended to make the wife liable for necessaries provided to her husband. Assuming, without deciding, the viability of the doctrine, the question presented on appeal is limited to whether the trial court was correct in extending to a

wife the long-standing common law duty to provide necessaries. As this is an issue most appropriately resolved by the legislature, rather than the judiciary, we cannot say that it was. Thus, for appellee to prevail, there must be some other legal basis for finding appellant liable.

Appellant asserts that although appellee offered an itemized list of services rendered to her husband, there was nothing offered to evidence an agreement or contract between her and either appellee or appellee's assignor for such services. She relies on Ark. Code Ann. §§ 9-11-501, 508 (1987) in arguing that only where such a contract exists would she be liable for the cost of the services.

The Arkansas General Assembly in Act 873 of 1981 amended several sections of our family law statutes. The intent of the legislature as expressed in the Act was "to Remove Specific References of Gender and to Allow One Spouse to Protect His or Her Personal Property from the Creditors of the Other Spouse by Listing it with the County Recorder; and for Other Purposes." The Act, as codified in part at section 9-11-508, states:

> No bargain or contract made by any married person, in respect to his or her sole and separate property . . . and no bargain or contract entered into by any married person, in or about the carrying on of any trade or business, under any statute of the state, shall be binding upon his or her spouse, or render his or her person or property in any way liable therefor.

Ark. Code Ann. § 9-11-503 (1987) states:

> (a) A married person may bargain, sell, assign, and transfer his or her separate personal property, carry on any trade or business, and perform any labor or services on his or her sole and separate account.

> . . . .

> (c) He or she may sue alone or be sued in the courts of this state on account of the property, business, or services.

Clearly, the law in Arkansas provides that a married person can contract in his or her own right; he or she can sue or be sued in his or her own right. In addition, the statutes are designed to enable

married women to contract and enjoy all rights and responsibilities as if they were feme sole. *See* Ark. Code Ann. § 9-11-502 (1987).

A review of the record reveals that appellee offered no evidence of a contract or agreement between it, or its assignor, and appellant. We find no legal basis for holding appellant liable for the "goods and/or services" provided to her husband absent a contractual agreement. As there is no evidence that appellant agreed in any way to be responsible for the debt in question, we reverse and dismiss.