ROBERTSON OIL COMPANY,
INC., Appellee,

v.

PHILLIPS PETROLEUM
COMPANY, Appellant.

No. 90–1451.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1990.

Decided April 18, 1991.

William H. Sutton, Little Rock, Ark., for appellant.

Julius Glickman, Houston, Tex., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HANSON,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Phillips Petroleum Company is again before us appealing from a substantial verdict entered against it and in favor of Robertson Oil Company, Inc. After the first trial, we affirmed an award of actual damages based on intentional interference with a business relationship, but remanded for retrial of the claims for fraud and negligence and the claim for punitive damages for interference. *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368 (8th Cir.1989) (*Robertson I*). After a second trial, the jury awarded Robertson $4,000,000 in punitive damages based on intentional interference and $4,000,000 in punitive damages based on fraud. Phillips argues the district court erred in its instruction informing the second jury of the first jury's verdict concerning intentional interference with a business relationship, and in admitting certain evidence relating to punitive damages. Phillips also argues that the punitive damages award is excessive and violates Phillips' right to due process of law. In light of the Supreme Court's decision in *Pacific Mutual Life Insurance Co. v. Haslip*, —— U.S. ——, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), we remand for further consideration of the amount of punitive damages, and affirm on the instructions and evidentiary questions.

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Our earlier opinion recited the evidence in this case in detail, and it is not necessary that we do so again.

## I.

Phillips argues that the district court erred in instructing the jury as to what had been concluded by the jury in the first trial. At the beginning of voir dire and again before opening statements, the district court made substantially identical statements summing up the proceedings in the first trial and informing the jury of the issues to be submitted to it. The court stated:

> The previous jury has already decided that there was a valid contract between the plaintiffs, the Robertson Oil Company, and the Spe–Dee Mart outfit, that the defendant, Phillips, knew of that contract, and that Phillips intentionally interfered with that contract by inducing or causing its termination.

> The jury also has already found that the plaintiff, Mr. Robertson, was damaged in the amount of $750,000, as I already said to you, on account of that loss, and that the defendant, in causing that loss, was not acting in its own fair interest based upon reasonable economic and business considerations, but with intent to cause injury or damage to the plaintiff.

> For the purpose of this trial, therefore, you should not question these findings but must accept them as true.

> Under the law of Arkansas, the plaintiff has established all the predicates necessary to an award of punitive damages for the wrong of intentional interference. However, whether any punitive damages should be awarded is for you to decide.

I Tr. at 204 (before opening statements); *see* I Tr. at 121–22 (before voir dire). The instruction the court gave before the jury retired to deliberate was to the same effect.[1]

The district court based these instructions on the answer of the jury in the first trial to the following interrogatory:

> Interrogatory No. 4. Do you find from a preponderance of the evidence that Robertson Oil Company had a business relationship or expectancy with the Spe–Dee Mart stores; that Phillips Petroleum Company had knowledge of Robertson Oil's relationship or expectancy with the Spe–Dee Mart stores; that Phillips intentionally and improperly interfered with that relationship; and that Robertson Oil suffered damages which resulted from Phillips Petroleum's intentional and improper interference? You will answer that question "yes" or "no." Robertson Oil Company has the burden of proof on all of these issues except the propriety of the alleged interference. Phillips Oil Company has the burden of proof on the issue of the propriety of the alleged interference.

The first jury had also been instructed on this issue as follows:

> If you find that in making the decision not to allow branding of all the Spe–Dee Mart locations, Phillips was acting in its own fair interest based upon reasonable economic and business considerations and not with intent to cause injury or damage to Robertson, then Phillips was justified in its actions, has not improperly interfered with a business relationship, and has not breached its duty of good faith and fair dealing.

■ Phillips makes three arguments attacking the instructions given at the second

---

1. Court's Instruction No. 15:
   I instruct you that you are bound by, and must accept as true, the findings of the previous jury:
   (1) That there was a valid contract between Robertson Oil Company and Spe–Dee Mart,
   (2) That Phillips Petroleum knew of that contract,
   (3) That Phillips intentionally interfered with that contract by inducing or causing its termination,

(4) That, with respect to intentional interference with contract, Phillips was not acting in its own fair interest based upon reasonable economic and business considerations but with intent to cause injury or damage to Robertson Oil Company, and
(5) That Robertson Oil Company was damaged in the amount of $750,000.00.

trial. First, it argues that once this court remanded in *Robertson I* to determine whether punitive damages should be awarded, all the facts relevant to the existence of punitive damages had to be relitigated. We simply reject Phillips' interpretation of our panel opinion. In *Robertson I*, we specifically affirmed the actual damages award on the intentional interference claim and remanded for retrial only of the punitive award and the fraud and negligence claims. 871 F.2d at 1377. It was therefore proper for the district court to consider those facts necessary to the intentional interference verdict conclusively established at the second trial. The first jury found Robertson had proved the elements of intentional interference and rejected Phillips' defense that its interference was justified. This satisfied the elements of punitive damages under Arkansas law. *See Bruns v. Bruns*, 290 Ark. 347, 719 S.W.2d 691, 694 (1986) (punitive damages are available when there is an intentional violation of another's rights). Nevertheless, whether punitive damages should be awarded was a question for the second jury, *see Toney v. Haskins*, 7 Ark.App. 98, 644 S.W.2d 622, 628 (1983), and was correctly submitted to it. This was done in accordance with our opinion in *Robertson I*.

█ Phillips next argues that in the second trial the court improperly instructed the jury that Robertson had already proved the interference was not justified, whereas under Arkansas law the burden was on Phillips to prove justification as an affirmative defense. *See Walt Bennett Ford, Inc. v. Pulaski County Special School Dist.*, 274 Ark. 208, 624 S.W.2d 426, 429 (1981). Phillips argues that the fact that it failed to persuade the jury that Phillips' behavior was *justified* does not necessarily mean that the jury was persuaded that the behavior was *unjustified;* the jury may have felt that it did not have sufficient evidence one way or the other and therefore resolved the issue against Phillips, the party with the burden of proof. Therefore, Phillips says, the instruction misled the second

jury by stating that the first verdict established the impropriety of Phillips' actions.

We are unpersuaded by this argument because of the particular instructions given at the first trial. The key interrogatory actually phrased the elements in such a way as to require the jury to find affirmatively that Phillips' conduct was improper.[2] Admittedly, after the substantive part of the interrogatory, the court stated that Phillips bore the burden on "propriety," but considering the instruction as a whole, *see Circle J Dairy, Inc. v. A.O. Smith Harvestore Prods., Inc.*, 790 F.2d 694, 698 (8th Cir.1986), we hold that the district court's instructions in the second case were a fair summary of the first jury's verdict on the interrogatory.

Phillips also argues that the justification instruction in the first trial required the jury to find both that Phillips was acting (1) in its own interests and (2) not with intent to cause injury or damage to Robertson, and that therefore its verdict against Phillips could have been based on a finding of only one of these two facts. Phillips argues from this that it was error for the district court to instruct the second jury that the first jury had found both these facts to be true. The district court considered this argument before the second trial and correctly refuted it by observing that what Phillips considers to be alternative facts are really two sides of the same coin: "[T]hese are not additional facts.... They are the same fact. In other words, if it was acting in its own fair interest it was not with intent to cause injury. But if it was not acting in its own fair interest it was with the intent to cause injury." Both phrases were simply ways of describing the absence of justification, and the district court did not err in instructing the second jury that these facts had been found.

In summary, the district court did not err in instructing the second jury that the first jury had found all the elements necessary for punitive damages.

---

**2.** The interrogatory asked: "Do you find from a preponderance of the evidence ... that Phillips intentionally and improperly interfered with [the Spe–Dee Mart relationship]"?

## II.

■ Phillips argues that the district court erred in permitting Mr. Robertson to testify about his financial woes, including Internal Revenue Service liens and overdue bank loans, which he claims resulted from Phillips' actions. The district court permitted introduction of this evidence as pertinent to the circumstances surrounding Phillips' actions. *See Holmes v. Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96, 99 (1961). Phillips argues that the evidence was irrelevant, since compensatory damages were not at issue in the second trial, and the financial problems were not shown to be caused by Phillips' acts. "In ruling on the admissibility of evidence, the trial judge has a wide discretion, and his decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion." *Roth v. Black & Decker, U.S., Inc.*, 737 F.2d 779, 783 (8th Cir.1984) (citation omitted). We see no abuse of discretion in allowing Robertson to testify about what he claims were the results of Phillips' actions.

■ Phillips also argues that the district court erred in permitting Robertson to produce certain expert testimony, specifically as to what size punitive award against a company with Phillips' net worth would be comparable to a $2, $100 or $1,000 award against a "common worker". This testimony was offered as an explanation of what the figures in Phillips' financial statements meant. Robertson's expert also testified about statements from Phillips' 1988 annual report, stating the company's opinion that pending litigation would have no "material adverse effect" on Phillips' financial position.

The district court must determine under Fed.R.Evid. 702, whether an expert's opinion will assist the trier of fact. The district court exercises discretion in this determination, *see Haynes v. American Motors Corp.*, 691 F.2d 1268, 1272 (8th Cir.1982), and we hold that it did not abuse its discretion in admitting either the expert testimony or the testimony about the financial statements.

## III.

Phillips argues that the punitive damages award was excessive and that, because Arkansas law has no definite standard for setting the amount of punitive damages, the award violates Phillips' due process rights. While this appeal was pending, the Supreme Court decided *Pacific Mutual Life Insurance Co. v. Haslip*, —— U.S. ——, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), which bears directly on Phillips' punitive damages arguments. Under *Haslip* we must evaluate both the jury instructions as to the punitive damages award and the adequacy of judicial review of the jury's award.

■ Under Arkansas law, the purpose of punitive damages is to be a sufficient punishment to deter the wrongdoer and others from similar conduct. *Ray Dodge, Inc. v. Moore*, 251 Ark. 1036, 479 S.W.2d 518, 523 (1972).

> "[T]he nature, extent, and enormity of the wrong, the intent of the party committing it, and, generally, all the circumstances attending the particular transaction involved, including any mitigating circumstances which may operate to reduce without wholly defeating such damages, may be taken into consideration, and so, as a rule, may the financial and social condition and standing of the party."

*Holmes v. Hollingsworth*, 352 S.W.2d at 99 (quoting 15 Am.Jur. *Damages* § 298 (1938)). The amount of the compensatory damages award is also relevant under Arkansas law. *Matthews v. Rodgers*, 279 Ark. 328, 651 S.W.2d 453, 458 (1983).

■ The trial court must review the award to determine if the amount of the award " ' 'shocks the conscience of the court or demonstrates that the jurors were motivated by passion or prejudice.' '" *O'Neal Ford, Inc. v. Davie*, 299 Ark. 45, 770 S.W.2d 656, 659 (1989) (quoting *W.M. Bashlin Co. v. Smith*, 277 Ark. 406, 643 S.W.2d 526, 534 (1982)).

■ On appeal, the reviewing court can also reduce the amount of punitive damages, should it find the judgment entered

by the trial court excessive. *See e.g., Holmes,* 352 S.W.2d at 100 (reducing punitive award on appeal); *Willis v. Elledge,* 242 Ark. 305, 413 S.W.2d 636, 640 (1967) (same). *Cf. First Commercial Bank v. Kremer,* 292 Ark. 82, 728 S.W.2d 172, 177 (1987) (further reviewing award already reduced by remittitur in the trial court).

We conclude that the instruction given the jury in this case was comparable to that approved in *Haslip,* but that in any case, Phillips waived any defect in the instruction by failing to offer a more detailed instruction or otherwise bring the alleged deficiency to the district court's attention.

 The district court instructed the jury that the purposes of punitive damages were "to punish a wrongdoer and to deter others from similar conduct." The court also stated that the jury might consider Phillips' financial condition as shown by the evidence. *Id.* Thus, the court instructed the jury on the purposes of punitive damages in language substantially similar to that approved in *Haslip. See* — U.S. at — n. 1, —, 111 S.Ct. at 1037 n. 1, 1044. However, the instructions only informed the jury that Phillips' financial condition could be considered, without also instructing it to take into consideration the character and degree of the wrong. *See* at — n. 1, 111 S.Ct. at 1037 n. 1. Although Phillips made a general objection that the court's instructions on punitive damages violated the fourteenth amendment, Phillips' requested instruction did not elaborate any further on the standard for setting the amount of punitive damages.[3] While we recognize that a party need not tender specific language if it has otherwise objected to an inadequacy in an instruction, *see El-*

more v. United States, 843 F.2d 1128, 1133 (8th Cir.1988), we believe the overall record here shows that Phillips did not comply with Fed.R.Civ.P. 51 by bringing to the court's attention the need for the jury to consider the nature and degree of the wrong. Therefore, we do not believe *Haslip* requires a new trial on this issue.

 On the other hand, *Haslip* also stresses the importance of the trial and appellate courts' roles in scrutinizing punitive damages awards. — U.S. at —, 111 S.Ct. at 1044. In this case, Phillips filed a motion for remittitur, which the district court denied summarily. *Robertson Oil Co. v. Phillips Petroleum Co.,* No. 86–2120 (W.D.Ark. March 2, 1990). We are thus unable to evaluate the adequacy of the district court's review of the award. In light of the intervening decision in *Haslip,* together with the Supreme Court's actions in remanding numerous cases for reconsideration in light of *Haslip, see* — U.S. — —, 111 S.Ct. 1298–1299, 113 L.Ed.2d 233–240 (1991),[4] we deem it advisable to remand for the district court to articulate its analysis under Arkansas law and to review the award under the criteria approved in *Haslip,* — U.S. at —, 111 S.Ct. at 1044, as well as principles enumerated in the Arkansas cases.

Accordingly, we affirm as to the instructions and evidentiary issues, but remand for further consideration by the district court of the propriety of the punitive damages award.

---

**3.** The instruction given and Phillips' offered instruction were both based on the Arkansas form instruction with minor variations.

**4.** The Supreme Court granted certiorari, vacated and remanded for consideration in light of *Haslip* seven cases: *Reserve Life Ins. Co. v. Eichenseer,* — U.S. —, 111 S.Ct. 1298, 113 L.Ed.2d 233 (1991); *Hospital Auth. v. Jones,* — U.S. —, 111 S.Ct. 1298, 113 L.Ed.2d 234 (1991); *Pacific Light. Corp. v. MGW Inc.,* — U.S. —, 111 S.Ct. 1299, 113 L.Ed.2d 235 (1991); *Portec Inc. v. The Post Office,* — U.S. —, 111 S.Ct.

1299, 113 L.Ed.2d 235 (1991); *Clayton Brokerage Co. v. Jordan,* — U.S. —, 111 S.Ct. 1298, 113 L.Ed.2d 233 (1991); *Int'l Soc'y of Krishna v. George,* — U.S. —, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991); *Church of Scientology v. Wollersheim,* — U.S. —, 111 S.Ct. 1298, 113 L.Ed.2d 234 (1991); and denied certiorari in two Alabama cases: *General Am. Life Ins. Co. v. Simmons,* — U.S. —, 111 S.Ct. 1305, 113 L.Ed.2d 240 (1991); *Massachusetts Mut. Life Ins. Co. v. Collins,* — U.S. —, 111 S.Ct. 1306, 113 L.Ed.2d 240 (1991); dealing with punitive damages.