Olaf DAVIS *v.* BAXTER COUNTY REGIONAL HOSPITAL

92-1157                                    855 S.W.2d 303

Supreme Court of Arkansas
Opinion delivered June 7, 1993

*The Law Offices of Christopher O'Hara Carter*, by: *Christopher O'Hara Carter*, for appellant.

*Marshall & Owens, P.A.*, by: *W. Lance Owens*, for appellee.

TOM GLAZE, Justice. Based upon the doctrine of necessaries, the Baxter County Regional Hospital initiated this lawsuit against Olaf Davis, seeking payment of $3,443.27 for medical services provided Davis's wife, Daleca. Mr. Davis answered, denying any responsibility for any indebtedness to the Hospital, and in addition, filed a cross complaint against Daleca, asserting that, under the Davis's divorce decree, Daleca agreed to pay all services provided her by the Hospital and to hold Mr. Davis harmless against any such indebtedness. Daleca failed to file an answer or appear in the trial court proceedings. At trial, the Hospital and Mr. Davis agreed that the medical treatment and services provided Daleca occurred during the Davis's marriage and that Daleca alone signed the Hospital's required admission forms. The parties further stipulated that Mr. Davis had never agreed to be responsible for Daleca's medical bills. On these facts, the trial court held that, under the common law doctrine of necessaries, Mr. Davis was liable for Daleca's indebtedness to the Hospital. It further awarded a default judgment to Mr. Davis against Daleca based upon the allegations contained in Davis's cross-complaint. Mr. Davis appeals from the Hospital's judgment and argues the common law doctrine of necessaries is (1) archaic and violative of public policy, (2) contrary to basic principles of contract law and (3) in conflict with the legislative intent expressed in Ark. Code Ann. §§ 9-11-502 through 508 (1987), which among other things removed the disabilities of married women.

■ The necessaries doctrine and its related principles have

been stated as follows:

> Apart from the contractual liability of a husband for goods and services which are within the classification of necessaries, under certain conditions he is rendered liable by law when such goods and services are furnished his wife. A husband is liable for necessaries furnished his wife where they are furnished her when he is derelict in his duty to support her, whether his dereliction lies in his refusal or in his neglect; and although he has a primary right, so long as he acts reasonably, to determine what are necessaries for her and to dictate the source from which they shall be procured and the manner in which they shall be purchased, he may be held liable for an article or service furnished her which is one of that class of items of goods or services with which he normally is required to provide her, as well as for an article or service, such as medical services, with which he is bound to provide her under particular circumstances, irrespective of the fact that he supports her generally, unless the article or service is furnished on her credit alone. Sometimes the rule is merely stated that he is liable for necessaries furnished her, but such a statement of the rule leaves open the question of when and under what circumstances goods or services furnished her are necessaries, and fails to indicate the effect of an extension of credit exclusively to the wive . . . The burden of proof of the facts requisite to establish the liability of a husband for necessaries rests upon the party who asserts such liability. Whether or not the husband has made a suitable provision for the wife in reference to her support is a question for the jury, under all the facts and circumstances.

26 Am.Jur., Husband and Wife § 355 (1940), now 41 Am.Jur.2d, Husband and Wife § 348 (1968); *Ark. State Hospital* v. *Kestle*, 236 Ark. 5 (footnote 4 at pp. 9-10), 364 S.W.2d 804 (footnote 4 at pp. 807) (1963).

■ The above rule on necessaries is subject to the general rule, both at common law and under statutes enabling a married woman to contract, that if credit for necessaries, goods, or services furnished the wife is extended exclusively to her, her husband ordinarily is not liable for them. 41 Am.Jur.2d, Hus-

band and Wife § 383 (1968). In other terms, the purchase of necessaries by a wife who has the capacity to contract and makes purchases on her own credit casts no liability on the husband where she neither has nor discloses any intent to purchase on his credit and the seller has no intent to give credit to anyone other than the wife. *Id.*

Finally, it is important to note that there is a presumption that necessaries obtained by a married woman while living with her husband were not obtained on her exclusive credit, so as to relieve her husband of liability, if it appears the seller knew that the woman was a married woman, and the goods were not of a character indicating that they were bought for other than family use, but the presumption is rebuttable by evidence of facts inconsistent with it. 41 Am.Jur.2d, Husband and Wife § 385 (1968).

The common law necessaries doctrine is the law in Arkansas and will remain law so long as the doctrine is consistent with the Constitution and the laws of the United States or the Constitution and laws of this state and shall be the rule of decision in this state unless altered or repealed by the General Assembly. *See* Ark. Code Ann. § 1-2-119 (1987). Recently, consistent with the dictates in § 1-2-119, we indicated that the General Assembly, not the judiciary, is the appropriate body to modify or supersede the doctrine. *Medlock* v. *Fort Smith*, 304 Ark. 652, 803 S.W.2d 930 (1991); *see also Shands Teaching Hosp. and Clinics* v. *Smith*, 497 So.2d 644 (Fla. 1986); *Waite* v. *Leesburg Reg. Medical Center*, 582 So.2d 789 (Fla. App. 5 Dist.) (1991). In fact, we have recognized the viability of the necessaries doctrine on a number of occasions. *Medlock*, 304 Ark. 652, 803 S.W.2d 930; *Ark. State Hospital*, 236 Ark. 5, 364 S.W.2d 804; *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96 (1961); *Beverly* v. *Nance*, 145 Ark. 589, 224 S.W. 956 (1920); *see also* and *Cf.* cases in 20 ALR4th 196, Wife's Necessaries (1983 and Supp. 1992).

First, we reject Davis's suggestion that Arkansas's statutory provisions §§ 9-11-502—508 have superseded the wife's necessaries doctrine. "It has been held that the liability of a husband for necessaries furnished his wife is not generally affected by the fact that the Married Woman's Act(s) preserve to

married women their separate estates, enable them to contract, and otherwise remove their common-law disabilities of coverture and make them solely responsible for their own liabilities, because the liability of the husband arises primarily from the marital relationship, and not from the fact that at common law he was entitled to all his wife's personalty and the usufruct of her realty." 41 Am.Jur. Husband and Wife § 348 (1968); 20 ALR4th § 2(a); *see also Medical Business Associates v. Steiner*, 588 N.Y.S.2d 890 (A.D.2d Dept. 1992).[1] Consistent with the foregoing rule, this court specifically held that § 9-11-508, one of Arkansas's statutory provisions dealing with the rights of married persons, had not changed the wife's necessary doctrine because that provision only exempts the husband from liability for debts of the wife in relation to her separate property or trade and business carried on by her. *Beverly*, 145 Ark. 589, 224 S.W.2d 956 (1920).[2] Other provisions, such as §§ 9-11-506 and 507, in no way affect the doctrine because they concern property owned by a spouse prior to marriage and by their terms have nothing to do with debts incurred by a spouse during the marriage.

For the foregoing reasons, we reject Davis's suggestion to declare the doctrine of necessaries violative of public policy or contrary to Arkansas's statutory laws that remove disabilities of married women and pertain to their rights to contract, to sue and be sued and to acquire, sell or hold their separate property.

In conclusion, we note that Mr. Davis does not argue for reversal that the necessaries doctrine violates the Equal Protection Clause. Nor does he urge that, assuming the doctrine's continued viability, the Hospital failed to meet its burden to show Mr. Davis's liability under the doctrine. Thus, we affirm the trial court's decision in all respects.

---

[1] The *Steiner* court also held the necessaries doctrine violated the Equal Protection Clause, but in doing so, it expanded the doctrine's application to both spouses rather than to abolish the doctrine altogether. 588 N.Y.S.2d at pp. 893-896.

[2] The *Beverly* opinion cites to section 5215 of Kirby's Digest which reads identical to present codification of § 9-11-508.