497 So.2d 644 (1986)
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Petitioner,
v.
Rebecca SMITH, Respondent.
No. 68237.
Supreme Court of Florida.
November 13, 1986.
*645 David E. Mathias and David A. Roberts, III, Gainesville, for petitioner.
Hal Castillo of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for respondent.
William A. Bell, Tallahassee, and Constance J. Kaplan and Barry R. Lerner of Bacen & Kaplan, P.A., Fort Lauderdale, for Florida Hosp. Ass'n, amicus curiae.
SHAW, Justice.
We review Shands Teaching Hospital & Clinics v. Smith, 480 So.2d 1366 (Fla. 1st DCA 1985), to resolve certified direct conflict with Parkway General Hospital, Inc. v. Stern, 400 So.2d 166 (Fla. 3d DCA 1981), and Manatee Convalescent Center, Inc. v. McDonald, 392 So.2d 1356 (Fla. 2d DCA 1980). Art. V, § 3(b)(4), Fla. Const.
Petitioner Shands Hospital provided medical services to the now deceased husband of respondent. The husband entered into an agreement binding him as the guarantor for all charges not paid by an insuror, but respondent never agreed in writing to pay for the services provided her husband. Following the death of the husband, petitioner brought suit on the unpaid balance against respondent relying on the theory that a wife is responsible for providing necessaries to a husband just as a husband is to a wife under the common law. Parkway General Hospital; Manatee Convalescent Center. The trial court declined to follow these authorities and dismissed the suit, finding that the common law imposed no liability on a wife for the necessaries of her husband. The first district court of appeal affirmed, reasoning that the common law of necessaries countenanced by Phillips v. Sanchez, 35 Fla. 187, 17 So. 363 (1895), had not been altered by this Court or by the constitution or statute and it would be improper for a district court to overrule a controlling precedent of this Court. Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973). The district court below also expressed the view that this issue was one which was most appropriate for legislative, not judicial, resolution.
Under the common law doctrine of necessaries, a husband who was derelict in furnishing food, shelter, and medical services to his wife was liable to a third party who provided those necessaries to the wife. However, because a wife was deemed legally incapable of incurring an obligation independent of her husband and because the husband was legally, and exclusively, responsible for providing the necessaries for the entire family unit, there was no reciprocal liability on the part of the wife to a third party for providing the necessaries of the husband. Phillips. Similarly, until the enactment of chapter 71-241, Laws of Florida, only the husband was responsible for the payment of alimony or child support in the event of divorce or dissolution of marriage. Ch. 61, Fla. Stat. (1969).
Both parties agree, as do we, that it is an anachronism to hold the husband responsible for the necessaries of the wife without also holding the wife responsible for the necessaries of the husband. At this point, however, the parties positions diverge. Petitioner argues that the marital partnership benefits when one spouse or partner receives medical services and that these benefits, which both spouses or partners receive, give rise to an implied-in-law contract. Accordingly, petitioner argues, the second spouse should be liable for these services as a matter of equity in order to prevent unjust enrichment. Respondent *646 denies that she received any benefit or unjust enrichment from the medical services received by her deceased husband. Moreover, respondent urges, petitioner should have either sought her guaranty of the medical bills prior to rendering them or looked to the assets of the deceased husband.
The difficulty with these arguments is that both have merit and we are being asked to establish a fixed rule of law that the wife is or is not liable when the issue is one of equity which can only be determined based on the particular equities of a given factual situation. We can easily visualize instances where it would be inequitable to hold either a wife or a husband[1] liable for medical services rendered to a spouse, just as we can visualize instances where it would be inequitable not to hold either spouse liable for medical services received by the other spouse. Two conclusions are apparent from this decisional quandary. The first is that the issue is one with broad social implications, the resolution of which requires input from husbands, wives, and the public in general. The second conclusion is that, of the three branches of government, the judiciary is the least capable of receiving public input and resolving broad public policy questions based on a societal concensus.
The two conclusions above lead us to the controlling question of whether this Court is the proper institution to resolve this issue. Petitioner urges that we are, and cites in support various decisions we have rendered in the past modifying the common law.[2] Predictably, respondent cites previous decisions where we have held that it is the province of the legislature, not the courts, to modify the common law.[3]
Of the cases cited, Gates and Zorzos most aptly illustrate the distinctions which determine whether this Court will modify the common law by either creating or refusing to create a cause of action. In Gates, we recognized that there was a common law right of the husband to sue for a loss of a wife's consortium. Accordingly, in view of equal protection provisions of the constitution and certain statutes abolishing legal distinctions between the sexes and husbands and wives, we held that a wife had a cause of action for loss of a husband's consortium. The present case is distinguishable from Gates in that here there is no valid equal protection argument that petitioner hospital is being denied a right available to other plaintiffs. In Zorzos, we recognized that there was a statutory right to sue for loss of parental consortium when the parent dies. We declined, however, to create a common law right to sue for parental consortium where death does not occur because we considered it "wiser to leave it to the legislative branch with its greater ability to study and circumscribe the cause." Zorzos at 307. The same considerations apply here.
We approve the decision below and disapprove Parkway General Hospital and Manatee Convalescent Center.
It is so ordered.
*647 McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and BARKETT, JJ., concur.
NOTES
[1] The issue of whether it is a denial of equal protection to hold a husband liable for a wife's necessaries when a wife is not liable for a husband's necessaries is not before us. Petitioner makes an equal protection argument that this is so, but we do not accept that petitioner has standing to make such an argument. Contra, Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980).
[2] Preeminently, Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), which permitted the use of the seat belt defense to mitigate damages; Hoffman v. Jones which abolished contributory negligence and established comparative negligence; and Gates v. Foley, 247 So.2d 40 (Fla. 1971), which created an independent cause of action in the wife for loss of consortium of husband.
[3] Preeminently, Zorzos v. Rosen, 467 So.2d 305 (Fla. 1985), where we deferred to the legislature by declining to create a cause of action for loss of parental consortium where death does not occur and State v. Egan, 287 So.2d 1 (Fla. 1973), where we held that changes in the common law should come from the legislature, not the courts.