526 So.2d 1022 (1988)
HALIFAX HOSPITAL MEDICAL CENTER, a Special Taxing District, Appellant,
v.
Rosemarie RYALS and Richard Ryals, Appellees.
No. 87-1728.
District Court of Appeal of Florida, Fifth District.
June 16, 1988.
Donald M. Birch, Jr., Daytona Beach, for appellant.
Joseph D. Krol, of Ossinsky, Krol and Hess, Daytona Beach, for appellees.
COBB, Judge.
Halifax Hospital Medical Center (Halifax) appeals an order of the trial court dismissing its claim against Richard Ryals for medical expenses incurred by his wife, Rosemarie Ryals. She guaranteed payment of the hospital charges, but he did not. The trial court granted his motion to dismiss, apparently on the basis that the common law "doctrine of necessaries" is no longer viable in Florida. If the wife is not liable for the necessary medical expenses of her husband, as was held in Shands Teaching Hospital and Clinics, Inc. v. Smith, 497 So.2d 644 (Fla. 1986), then, arguendo, the converse must be true in the name of equal protection: he cannot be liable for hers.
It would seem logical that either both spouses or neither (in the absence of express contract) should be liable for the other's medical necessaries. Cf. Webb v. Hillsborough County Hospital Authority, 521 So.2d 199 (Fla.2d DCA 1988). Nevertheless, until such time as the Florida Legislature alters the common law rule, we are bound by that rule: a husband is financially responsible for the necessary maintenance of his wife. See Shands, 497 So.2d at 646; Phillips v. Sanchez, 35 Fla. 187, 17 So. 363 (1895).
REVERSED.
SHARP, C.J., and DANIEL, J., concur.