*995 Corrected Opinion
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from a final order for the defendants[1] entered upon the grant of a motion to dismiss the third amended complaint. Treating the allegations of the complaint, as we must, as true, see Scavella v. School Bd. of Dade County, 363 So.2d 1095 (Fla.1978), the case began when a man named Gary Taylor arrived in Miami as a stowaway aboard an Eastern Airlines flight from Jamaica. As a completely undocumented alien, he was subject to immediate exclusion by and at the expense of the entity which physically brought him here. 8 U.S.C. §§ 1182(a)(18),[2] 1222 (1984).[3] Accordingly, he was delivered by the Immigration and Naturalization Service to Eastern Airlines, which, in turn, handed him over to its agent, the United Safeguard Security Agency, to confine him overnight pending his return to Jamaica on an Eastern Airlines flight the next day. The security agency quite unwisely secured a seventh floor hotel room for him, from which he quite unsuccessfully tried to escape out of the window. He fell to the ground and was taken to Jackson Memorial Hospital where he ran up $46,518.92 in charges before he was released (and immediately deported to Jamaica). In this action, Jackson, as the Public Health Trust, sued Eastern and the security agency for the bill.
Just as a governmental subdivision is responsible for the medical expenses of its prisoners, Hospital Bd. of Directors v. Durkis, 426 So.2d 50 (Fla. 2d DCA 1982); Lutheran Medical Center v. City of Omaha, 204 Neb. 292, 281 N.W.2d 786 (1979); Metropolitan Dade County v. P.L. Dodge Founds., Inc., 509 So.2d 1170 (Fla. 3d DCA 1987) (indigent prisoner); Dade County v. Hospital Affiliates Int’l, Inc., 378 So.2d 43 (Fla. 3d DCA 1979) (dictum),[4] we hold that the applicable statutory provisions, 8 U.S.C. §§ 1222, 1223(b),[5] 1227(a) (1984),[6] re- *996 quire both the carrier, Eastern, and its agent, United Safeguard, to bear the expenses incurred while an excludable alien like Taylor is within their control as required by law. We therefore reverse the opposite decision below and remand for further consistent proceedings as to United Safeguard.[7]
*995 For the purpose of determining whether aliens ... arriving at ports of the United States belong to any of the classes ... of the diseases or mental or physical defects or disabilities set forth in section 1182(a) of this title ... such aliens shall be detained on board the vessel or at the airport of arrival of the aircraft bringing them, unless the Attorney General directs their attention in a United States immigration station or other place specified by him at the expense of such vessel or aircraft except as otherwise provided in this chapter, as circumstances may require or justify, for a sufficient time to enable the immigration officers and medical officers to subject such aliens to observation and an examination sufficient to determine whether or not they belong to the excluded classes.
*996 Reversed.

. Although Eastern Airlines, Inc. was a party-defendant and the recipient of a judgment in its favor below, the pendency of bankruptcy proceedings against it have precluded this appeal from going forward as to that defendant. Hence, this opinion affects only the interests of the plaintiff and the defendant United Safeguard.

. § 1182. Excludable aliens — General classes (a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
(18) Aliens who are stowaway[.]

. § 1222. Detention of aliens for observation and examination upon arrival

. See Variety Children’s Hosp., Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980) (parents of minor child); Webb v. Hillsborough Co. Hosp. Auth., 521 So.2d 199 (Fla. 2d DCA 1988) (spouse); see also Shands Teaching Hosp. & Clinics, Inc. v. Smith, 497 So.2d 644 (Fla.1986) (husband); Halifax Hosp. Medical Center v. Ryals, 526 So.2d 1022 (Fla. 5th DCA 1988) (husband).

. § 1223. Examination upon arrival — Temporary removal
(b) Whenever a temporary removal of aliens is made under this section, the vessels or aircraft or transportation lines which brought them, and the masters, commanding officers, owners, agents, and consignees of the vessel, aircraft or transportation line upon which they arrived shall pay all expenses of such removal_ Such expenses shall include maintenance, medical treatment in hospital or elsewhere, burial in the event of death, and transfer to the vessel, aircraft, or transportation line in the event of deporta-tion_ [e.s.]

. § 1227. Immediate deportation of aliens excluded from admission or entering in violation of law — Maintenance expenses
(a) Any alien ... arriving in the United States who is excluded under this chapter, shall be immediately deported.... The cost *996 of maintenance including detention expenses and expenses incident to detention of any such alien while he is being detained ... shall be borne by the owner or owners of the vessel or aircraft on which he arrived_ [e.s.]

. See supra note 1.