579 So.2d 786 (1991)
Lillian POLLAK, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-3329.
District Court of Appeal of Florida, Fourth District.
May 8, 1991.
Irving I. Lesnick of Harnett, Lesnick & Kahn, P.A., Boca Raton, for appellant.
Jacqueline S. Banke, Dept. of Health and Rehabilitative Services, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final order entered by a Client Appeal Hearings Officer of the Department of Health and Rehabilitative Services, denying appellant's claim to Medicaid benefits. We reverse and remand.
Appellant is an eighty-three-year-old woman who has been residing in a nursing home since June, 1990. She receives social security benefits, and apparently has no other independent source of income; however, she is a named beneficiary of a trust executed by her husband of fifty-six years, as settlor and sole trustee, on December 4, 1986. On May 29, 1990, the principal of the trust was valued at $197,150.88; its annual income is approximately $10,630.
Generally, the trust provides for the income to be distributed, annually or more frequently, to appellant's husband for life, than to appellant for life. After both appellant and her husband have died, if both of their daughters are alive, the trust will terminate and the principal will be divided equally between the daughters. Although appellant's husband is the sole trustee, their daughters are designated as successor trustees. The trust is irrevocable and contains a spendthrift provision to prevent an income beneficiary from anticipating future payments.
Section 3.4 of the trust entitled "Limited Power to Invade" is directly at issue in the *787 instant appeal and provides, in pertinent part:
In the case of extraordinary circumstances which result in the Settlor or his wife, LILLIAN R. POLLAK, having need for funds which cannot be satisfied by other resources available to them, including government programs for which they may qualify, the Trustee may distribute principal to the Settlor or to his wife, LILLIAN R. POLLAK, but only with the written prior approval of the Settlor's daughters, JO-ANN P. GILBERT and CAROL S. THAILER (or such of them as may be surviving and competent and not then serving as Trustee of their trust. If both JO-ANN and CAROL shall have died or become incompetent, or are disqualified from acting hereunder [by] virtue of being Trustee, then the power to approve distributions of principal shall be exercised by a majority in interest of their adult and competent children, and the guardians of any infant children). The Trustee shall make such decision in his absolute discretion as fiduciary. The Settlor's daughters or grandchildren shall decide whether or not to so consent in their absolute discretions.

(Emphasis added.)
On June 6, 1990, appellant was denied Institutional Care Program (ICP) and Medicaid benefits by appellee, the Department of Health and Rehabilitative Services, based upon the state's determination that appellant possessed resources in excess of $2,000, the maximum amount permitted in order to be eligible for Supplemental Security Income for the Aged, Blind, and Disabled (SSI). See 20 C.F.R. § 416.1205(c). Entitlement to SSI automatically makes an individual eligible for Medicaid benefits.
Appellant then filed an administrative appeal from the denial of her Medicaid application, and the hearings officer entered an order denying appellant's appeal. Rule 10C-8.0182(1), Florida Administrative Code, provides:
If any individual who applies for or is receiving Medicaid assistance, or the spouse of such an individual, established or establishes a revocable or irrevocable trust, the trust is counted as an asset and as income available to the beneficiary. If the trust value combined with other income or assets exceeds the established income and asset levels, the individual is not eligible for Medicaid. This provision applies to trusts in existence regardless of the purpose and reasons for the establishment of the trust.
The hearings officer concluded that the trust was a "medicaid qualifying trust" (MQT) and that its principal must be considered a resource in determining appellant's eligibility for Medicaid:
In reviewing the evidence and testimony presented as well as argument submitted by counsel for both parties, the Hearings Officer notes that while considerable argument is advanced addressed to the discretionary powers of the grantor and trustee of this document; Section 3.4 provides for limited powers to invade. The trustee, "shall make such decisions in his absolute discretion exercised as fiduciary." The settlor's daughters or grandchildren have the discretionary power whether or not to consent to that decision by the trustee. The Hearings Officer finds it difficult to conceive that the daughters of this individual would deny their mother the care necessary for her well-being solely in order to protect their interest in the trust.

(Emphasis added.)
The hearings officer properly concluded that the trust met the definition of a MQT under Florida law. According to rule 10C-8.1082(1), Florida Administrative Code (1989), if the spouse of an individual who applies for Medicaid assistance has established a revocable or irrevocable trust, "the trust is counted as an asset and as income available to the beneficiary." The trust "value" is then used in determining whether an applicant meets the established income and asset levels governing eligibility for Medicaid. Id. The federal definition of a MQT is found in 42 U.S.C.A. 1396a(k)(2) (West 1983 & Supp. 1990):
For the purposes of this subsection, a "medicaid qualifying trust" is a trust, or *788 similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments of the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
There is seemingly no question that the trust meets the federal definition as well. The trust was established by appellant's husband and she is the (contingent) beneficiary of part of the payments of the trust. Appellant's husband, as the current sole trustee, has at least some, although not complete, discretionary control over any distributions made to appellant. The federal MQT provisions apply without regard to the express purpose for which the trust was created. 42 U.S.C.A. § 1396a(k)(3) (West 1983 & Supp. 1990). Accordingly, under controlling federal and Florida law, the trust qualifies as a MQT.
The dispositive issue in the instant case, however, is whether HRS properly counted the trust principal as an available resource despite the fact that according to the terms of the trust, the trustee must obtain permission from the remaindermen before invading the trust principal and distributing those assets to appellant. Under federal law, when a trust is deemed a MQT, the amount from the trust deemed "available" to a grantor (i.e., the individual or the individual's spouse) is "the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or the trustees for the distribution of the maximum amount to the grantor." 42 U.S.C.A. § 1396a (West 1983 & Supp. 1990); see also Hatcher v. Dep't of Health & Rehabilitative Serv., 545 So.2d 400 (Fla. 1st DCA 1989).
While appellant's husband, as sole trustee, may distribute principal to appellant before his death "in the case of extraordinary circumstances," appellant's husband must obtain the written prior approval of his two daughters, who are the remaindermen. Although the trust does provide that "the trustee shall make such decision in his absolute discretion exercised as a fiduciary," the remaindermen "shall decide whether or not to so consent in their absolute discretions." There is no indication in the record as to whether the remainderman, namely appellant's two daughters, have consented or will consent to any distributions of principal.
We appreciate HRS's contention that the purpose of Medicaid is to furnish care to those whose resources are insufficient to meet the costs of necessary care. See 42 U.S.C.A. § 1396 (West 1983 & Supp. 1990). While HRS urges this court not to create a "loophole" in the law that will permit "unneedy people to acquire Medicaid benefits," according to federal law and the terms of the trust itself, the trust assets are not available to appellant because they cannot be distributed in the sole discretion of the trustee. We are not in a position to voice an opinion that a "loophole" exists; and if one does, any perception or correction of same would be legislative.
HERSEY, C.J., and GLICKSTEIN and WARNER, JJ., concur.