582 So.2d 789 (1991)
Edwin WAITE and Valerie Waite, Appellants,
v.
LEESBURG REGIONAL MEDICAL CENTER, INC., Appellee.
No. 90-2163.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
Gordon J. Evans of Ligman, Martin & Evans, Coral Gables, for appellants.
Dennis F. Ramsey and James M. Tenaglia of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
DAUKSCH, Judge.
This is an appeal from a final judgment ordering appellants Edwin and Valerie Waite to pay appellee Leesburg Regional Medical Center damages in the amount of $23,762.13. We affirm.
Leesburg Regional Medical Center sued appellants on May 1, 1990, alleging that it had provided medical services for appellant Valerie Waite from November 10, 1988 through March 21, 1989. The trial court ordered that appellant Edwin Waite was also responsible for any debt owed by his wife Valerie Waite based on the common law doctrine of necessaries as stated by the Supreme Court of Florida in Shands Teaching Hospital v. Smith, 497 So.2d 644 *790 (Fla. 1986) and this court's opinion in Halifax Hospital Medical Center v. Ryals, 526 So.2d 1022 (Fla. 5th DCA 1988).
Appellant argues this court should declare the doctrine of necessaries unconstitutional because it violates equal protection guarantees of the federal and state constitutions. However, this court considered and rejected such equal protection arguments in Halifax. While we acknowledged that "[i]t would seem logical that either both spouses or neither (in the absence of express contract) should be liable for the other's medical necessaries" Halifax, 526 So.2d at 1022, we held that until the legislature altered the common law rule, we were bound by the supreme court's holding in Shands.
In Shands, the supreme court agreed with both parties that it was an anachronism to hold the husband responsible for the necessaries of the wife without also holding the wife responsible for the necessaries of the husband. But the court concluded it was not the proper institution to resolve the question of exactly how to modify the common law rule:
The difficulty ... is that ... we are being asked to establish a fixed rule of law that the wife is or is not liable when the issue is one of equity which can only be determined based on the particular equities of a given factual situation. We can easily visualize instances where it would be inequitable to hold either a wife or a husband liable for medical services rendered to a spouse, just as we can visualize instances where it would be inequitable not to hold either spouse liable for medical services received by the other spouse. Two conclusions are apparent from this decisional quandary. The first is that the issue is one with broad social implications, the resolution of which requires input from husbands, wives, and the public in general. The second conclusion is that, of the three branches of government, the judiciary is the least capable of receiving public input and resolving broad public policy questions based on a societal consensus. (footnote omitted).
Shands, 497 So.2d at 646. A district court of appeal is without power to overrule supreme court precedent. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Social policy and public welfare decisions are for the legislature to make, not courts. The legislature has the ability to hold open hearings to hear from all the diverse interests, not so the courts. We have limited input from interested litigants and are not capable to do the work the legislative branch was devised to do. Unless an act of the legislature violates the greater constitutional law the judiciary is constrained from interfering. No constitutional equal protection violation occurs by requiring a husband to support and protect his wife, as the common law precedent requires. Should the legislature deem a reciprocal obligation desirable it can so provide.
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.