615 So.2d 192 (1993)
Wilhelmina GULICK, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 91-3826.
District Court of Appeal of Florida, First District.
March 2, 1993.
Rehearing Denied April 6, 1993.
*193 Kathleen Holbrook Cold of Blalock, Holbrook & Akel, P.A., Jacksonville, for appellant.
Scott D. Leemis and Charlene J. Peterson, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Jacksonville, for appellee.
WOLF, Judge.
Wilhelmina Gulick appeals from an final order of the Department of Health and Rehabilitative Services (department), upholding a denial of Medicaid benefits. The benefits were denied based upon the department's determination that the assets of a certain trust were available to the appellant because the trust qualified as a Medicaid qualifying trust (MQT) as defined in 42 U.S.C.A. § 1396a(k)(2), and 10C-8.012, Florida Administrative Code. Appellant asserts that (1) the trust which was established by her husband did not meet the requirements of a Medicaid qualifying trust, and (2) the principal of the trust cannot be treated as a resource available to appellant's husband for assessing the Medicaid eligibility of appellant. We reject these contentions and affirm.
The appellant, an 82-year-old woman, was admitted to a nursing home for institutional care in September 1989. She then applied to the department for medical assistance (Medicaid) under the Institutional Care Program. Her application was denied on July 11, 1991, on the ground that her assets exceeded the Medicaid asset limit. The overwhelming portion of the value of the assets attributed to the applicant was the principal of a trust created by appellant's husband, Gordon W. Gulick, on June 24, 1988.
The trust was an irrevocable trust which named appellant and her husband as beneficiaries, and named their son as trustee. The pertinent language in the disposition clause provided that the trustee shall dispose of the corpus and income of the trust, if any, as follows:
a) For so long as the Grantor and the Grantor's wife, WILHELMINA GULICK, *194 reside elsewhere than at a skilled nursing facility, nursing home, or other like facility, and are not eligible for and receiving long term health care at home as defined in paragraphs "2(b)" and "2(c)" of this Trust Agreement, the Trustee shall pay to or for the benefit of the Grantor and the Grantor's wife, WILHELMINA GULICK, all of the net income of the trust, if any, in such proportion and in such amounts as the Trustee, in his sole and absolute discretion, deems necessary to maintain the present standard of living of the Grantor and of the Grantor's wife, WILHELMINA GULICK, together with such sums from the trust principal as the Trustee, in his sole and absolute discretion, deems appropriate for such purposes.
b) Upon the admission of the Grantor or of the Grantor's wife, WILHELMINA GULICK, as a permanent or chronic care resident or patient in a skilled nursing facility, nursing home, or other like facility, or upon the Grantor or of the Grantor's wife, WILHELMINA GULICK, being eligible for and receiving health care at home on a planned, on-going and permanent basis where the Grantor or the Grantor's wife, WILHELMINA GULICK, would otherwise be eligible for nursing home placement, all distributions of income and principal to said Grantor or said Grantor's wife, WILHELMINA GULICK, shall cease and said Grantor or said Grantor's wife, WILHELMINA GULICK, shall have no further legal or beneficial interest in this trust. Payments as aforesaid, however, shall continue to the spouse who is not a permanent or chronic care resident or patient in a skilled nursing facility, nursing home, or other like facility, and is not eligible for and receiving health care at home on a planned, on-going and permanent basis, until such time as said spouse either becomes a permanent or chronic care resident or patient in a skilled nursing facility, nursing home, or other like facility, or becomes eligible for and receives health care at home on a planned, on-going and permanent basis where the said spouse would otherwise be eligible for nursing home placement, or dies, whichever shall first occur, at which time this trust shall terminate and the principal and accumulated income distributed as hereinafter provided.
The trust also provided for distribution of trust assets to remaindermen upon termination, and contained a spendthrift provision to protect the trust assets from the beneficiaries' creditors.
The appellant appeals from the department's determination that the assets of this trust may be utilized in determining appellant's eligibility for Medicaid. The treatment of potential payments from an MQT and the definition of an MQT are provided in 42 U.S.C.A. § 1396a(k) (West Supp. 1991), which states in pertinent part as follows:
(1) In the case of a medicaid qualifying trust (described in paragraph (2)), the amounts from the trust deemed available to a grantor, for purposes of subsection (a)(17) of this section, is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor. For purposes of the previous sentence, the term "grantor" means the individual referred to in paragraph (2).
(2) For purposes of this subsection, a "medicaid qualifying trust" is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
(3) This subsection shall apply without regard to 
(A) whether or not the medicaid qualifying trust is irrevocable or is established *195 for purposes other than to enable a grantor to qualify for medical assistance under this subchapter; or
(B) whether or not the discretion described in paragraph (2) is actually exercised.
(Emphasis added).
The department adopted a similar definition in rule 10C-8.012(22), Florida Administrative Code, which states:
Medicaid Qualifying Trust: A trust or similar legal device established, other than through a will, by an individual or his spouse, under which the individual is the beneficiary of all or part of the payments from the trust. The distribution of trust payments is determined by the trustee who has discretion with regard to amounts to be distributed to the individual.
In addition, rule 10C-8.0182(1), Florida Administrative Code, provides:
If any individual who applies for or is receiving Medicaid assistance, or the spouse of such an individual, established or establishes a revocable or irrevocable trust, the trust is counted as an asset and as income available to the beneficiary. If the trust value combined with other income or assets exceeds the established income and asset levels, the individual is not eligible for Medicaid. This provision applies to trusts in existence regardless of the purpose and reasons for the establishment of the trust.
Both the federal and Florida definitions of "MQT" address who creates the trust, who is the beneficiary of the trust, and the extent of discretion which may be exercised by the trustee. The definitions provide that the trust may be created by a community or institutionalized spouse.[1]
Appellant first argues that the institutionalized spouse must be the beneficiary for the trust to be an MQT. Appellant points out that the specific language of section 2b of the trust document terminated appellant's rights as a beneficiary upon her admission to institutional care and prior to the determination of eligibility for Medicaid; therefore, the appellant was not a beneficiary at the time of the determination of eligibility. The department responds, however, that in light of federal statutes and state regulations, a trust which is created by either the community or institutionalized spouse, and names the community spouse as a beneficiary, may qualify as an MQT; therefore, under the definition of an MQT, the assets are deemed to be available to Mr. Gulick.
Although neither side cites any case law which directly addresses the issue of whether a trust which names the community spouse as a beneficiary may be treated as an MQT,[2] the department, as well as arguing the statutory definition of "MQT," asserts that the resources of the community spouse are attributable to the institutionalized spouse pursuant to 42 U.S.C.A. § 1396r-5(c)(2):
(2) Attribution of resources at time of initial eligibility determination.
In determining the resources of an institutionalized spouse at the time of application for benefits under this subchapter, regardless of any State laws relating to community property or the division of marital property 
(A) except as provided in subparagraph (B), all the resources held by either the institutionalized spouse, community spouse, or both, shall be considered to be available to the institutionalized spouse, and
(B) resources shall be considered to be available to an institutionalized spouse, but only to the extent that the amount of such resources exceeds the amount computed under subsection (f)(2)(A) of *196 this section (as of the time of application for benefits).
The department has adopted corresponding regulations. See 10C-8.013(1) and (2), Fla. Admin. Code.
We first note that an agency's construction of the statutes it administers, especially as to technical matters is entitled to great weight and is not to be overturned unless clearly erroneous. Pan American World Airways, Inc. v. Florida Public Serv. Comm'n, 427 So.2d 716 (Fla. 1983); Shell Harbor Group, Inc. v. Department of Business Regulation, 487 So.2d 1141 (Fla. 1st DCA 1986). Here, the department interpreted its rule to mean that a trust created by a community spouse which names the community spouse as the beneficiary qualifies as an MQT under 42 U.S.C.A. § 1396a(h) (Supp. 1991). We cannot say that the department's interpretation of the statutes and rules here is clearly erroneous.
In Hatcher v. Department of Health and Rehabilitative Servs., 545 So.2d 400 (Fla. 1st DCA 1989), this court recognized that MQT provisions were intended to apply to "grantor trusts." A grantor trust under federal statute is one where "an individual or spouse" creates the trust and the "individual" is the beneficiary. 42 U.S.C.A. § 1396a. In the instant case, the grantor is the community spouse, Mr. Gulick. There is no requirement in the federal statute or the department's regulations that the institutionalized spouse be the "individual" referred to in the statute. The federal statute refers to "an individual." Rule 10C-8.012(1), Florida Administrative Code, states that this individual may be the institutionalized spouse or the community spouse; likewise, the beneficiary may be the community spouse or the individual under 42 U.S.C.A. § 1396a(k)(2). Under this construction, the trust created in the instant case meets the beneficiary requirement of the statute.
Appellant also argues that since the trustee in the instant case is not given unbridled discretion to distribute assets to Mr. Gulick, that portion of the MQT statute which discusses discretion is not satisfied. Appellant urges us to find that, in accordance with the dictates of Pollak v. Department of Health and Rehabilitative Servs., 579 So.2d 786 (Fla. 4th DCA 1991), any limitation on the trustee's discretion to distribute assets disqualifies the trust from consideration as an MQT. Pollak does not support such an argument. In Pollak, there were remaindermen who could veto the trustee's determination to distribute assets; for that reason, the trustee himself did not have sole discretion to distribute assets. In the instant case, there is no such limitation; therefore Pollak is not controlling.
The grant of sole or absolute discretion to distribute a trust's assets to maintain a party's standard of living does not give a trustee unbridled discretion to distribute assets. Mesler v. Holly, 318 So.2d 530 (Fla. 2d DCA 1975). In light of the construction given to this type of trust in Mesler, the trustee in the instant case was given wide, but not unbridled, discretion to make distributions to the grantor/individual, Mr. Gulick. 42 U.S.C.A. § 1396a(k) states in pertinent part that the trustee must be "permitted to exercise any discretion with respect to the distribution to the individual." This statutory definition of "MQT" does not require that a trustee have unbridled discretion, but indicates that any discretion to distribute assets is sufficient. For example, if the trustee here was asked by Mr. Gulick to distribute assets for the purposes of paying Mrs. Gulick's nursing home fees, we could not say that such a distribution would constitute an abuse of the trustee's discretion.[3] We, therefore, cannot say that the department was wrong in determining that the trust gave the trustee sufficient discretion to treat this as an MQT.
*197 Appellant finally argues that under the terms of the trust agreement, the assets of the trust could not constitute resources which were available to the community spouse under 42 U.S.C.A. § 1396r-5(c)(2)(B). The appellant relies on Miller v. Ibarra, 746 F. Supp. 19 (D.Colo. 1990), and cases cited therein, which appear to hold that unless the beneficiary has an absolute and immediate right to the assets of the trust, the trust is not a resource available to the beneficiary. Appellant's reliance on these cases is misplaced. In each of those cases, the court was dealing with a non-grantor trust, where the trust limitations have been imposed by a third party grantor. These trusts could not be considered to be MQT's. If a trust is determined to be an MQT, the statute provides that the test is not whether the assets must be distributed, but whether the assets may be distributed. This conclusion is compelled by the statutory language which reads, "[T]he amounts from the trust deemed available to a grantor, for purposes of subsection (a)(17) of this section, is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming full exercise of discretion by the trustee...." 42 U.S.C.A. § 1396a(k) (West Supp. 1991). Appellant's argument on this point is also without merit.
We therefore affirm.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] The terms "institutionalized spouse" and "community spouse" are defined in 42 U.S.C. § 1396r-5(h)(1) and (2). Appellant qualifies as an institutionalized spouse; her husband qualifies as a community spouse.
[2] The only two Florida cases which are cited by the parties are Hatcher v. Department of Health and Rehabilitative Servs., 545 So.2d 400 (Fla. 1st DCA 1989), and Pollak v. Department of Health and Rehabilitative Servs., 579 So.2d 786 (Fla. 4th DCA 1991). Hatcher deals with who may act as the grantor of an MQT, and Pollak deals with the trustee's discretion to distribute assets.
[3] See Waite v. Leesburg Regional Medical Center, Inc., 582 So.2d 789 (Fla. 5th DCA 1991), rev. denied, 592 So.2d 683 (Fla. 1991), holding that, pursuant to the common law doctrine of necessaries, a husband is responsible for any debt owed by his wife to a medical facility for services provided to his wife. See also Shands Teaching Hosp. and Clinics v. Smith, 497 So.2d 644 (Fla. 1986) (common law doctrine of necessaries has not been altered by constitution, statute, or case law).