HALL, Judge.
Susan Rydstrom appeals from the final judgment finding her liable to Bayfront Medical Center for the expenses incurred by her husband while he was a patient at Bayfront. She contends the trial court erred in relying on Webb v. Hillsborough County Hospital Authority, 521 So.2d 199 (Fla. 2d DCA 1988), because the facts of this case are indistinguishable from those in Shands Teaching Hospital and Clinics v. Smith, 497 So.2d 644 (Fla.1986). We agree and reverse.
Michael Rydstrom was admitted to Bay-front Medical Center on December 24, 1987, and he remained hospitalized until April 6, 1988. All relevant medical records listed Michael Rydstrom as guarantor for medical services rendered to him. Susan Rydstrom did not sign any document purporting to assume financial liability for services rendered to her husband, and she specifically informed Bayfront that she could not assume such liability. However, she did take appropriate steps to assist its staff in obtaining social assistance to pay for her husband’s cafe.
Bayfront filed suit against Susan Rydst-rom, individually, and Lutheran Ministries of Florida, guardian for Michael Rydstrom, for the balance due on Michael’s medical expenses. The trial court found in the final judgment, which was entered pursuant to Bayfront’s motion for summary judgment, that this court had resolved the law of necessaries in this district in Webb such that, as a general rule, both husbands and wives are responsible for the necessary medical care of their spouses. Thus, the final judgment directed Susan Rydstrom to pay Bayfront the balance due for her husband’s medical expenses.
We hold that the trial court’s reliance on Webb was misplaced. The issue in Webb was whether holding a husband responsible for the necessary medical expenses incurred by his wife violated his equal protection rights in light of the common law doctrine of necessaries, pursuant to which a wife is not responsible for her husband’s necessaries. The issue in this case is whether a wife is responsible for the necessary medical expenses incurred by her husband. This is the precise issue that was before the supreme court in Shands and it is the precise issue this court noted was not before it in Webb. Webb, 521 So.2d at 203.
In Shands, the hospital brought suit against the wife for the unpaid balance of the expenses incurred by her deceased husband for necessary medical services. It argued that a wife is responsible for providing her husband’s necessaries just as a husband is responsible under the common law for providing his wife’s necessaries. As in the instant case, the wife never agreed in writing to pay for the services provided her husband. The trial court dismissed the action based on the common law doctrine of necessaries, finding that a wife could only be held liable for her husband’s medical bills if she had signed a contract to that effect. The First District affirmed, holding that the common law doctrine of necessaries had never been altered by the supreme court. The supreme court affirmed the First District’s opinion, noting in a footnote that it did not accept that the hospital had standing to raise an equal protection argument. Shands, 497.So.2d at 646 n. 1.
We hold that Shands is on all fours with this ease and that, therefore, under the common law doctrine of necessaries, Susan Rydstrom is not responsible to Bayfront for the medical bills incurred by her husband while he was a patient at Bayfront. Accordingly, we reverse the final judgment entered in favor of Bayfront and remand with directions consistent with this opinion.
PARKER and PATTERSON, JJ., concur.