[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Mildred F. Ahern appeals the decision of the defendant commissioner of the department of social services denying the plaintiff's application for Medicaid benefits. Her appeal is brought pursuant to General Statutes §§ 17b-65 and4-183. In her appeal, the plaintiff claims that it was clearly erroneous for the defendant to conclude that the principal of a trust was an asset available to her. The court agrees.
The following facts are not in dispute. The plaintiff is ninety years old and resides at St. Mary's Home in West Hartford, Connecticut. She has resided there since January 1990. On October 6, 1990, the plaintiff established a trust, which is an irrevocable Medicaid qualifying trust within the meaning of42 U.S.C. § 1396a(k). From January 1990, to November 1994, the plaintiff used her own funds to pay for her care at St. Mary's Home. On November 16, 1994, the plaintiff applied to the department of social services for Medicaid long term care benefits. On July 14, 1995, her application was denied on the basis that the assets of the trust were available to her and exceeded the allowable asset limit for Medicaid recipients. As of July 1995, the principal balance of the trust was $637,937. The income from the trust is available to the plaintiff, and since January 1, 1995, that income of $1160.00 per month has been paid to St. Mary's Home for the plaintiff's care.
Pursuant to General Statutes §§ 17b-60 and 17b-66, the plaintiff requested a fair hearing on the decision denying her application. On September 5, 1995, the fair hearing took place, and the fair hearing officer issued the following decision on November 9, 1995: CT Page 10232
 The department correctly denied the appellant's application for Medicaid as her assets of $637,937.00 exceeds the Medicaid asset limit of $1600.
R. 5
In addition to the above undisputed facts, the fair hearing officer found that the plaintiff retained control and ownership of the trust principal through her will, and that the disbursement of the trust principal upon the plaintiff's death to her descendants and at her direction would be a disbursement for her benefit. Further, the fair hearing officer found that the trustee has the discretion to distribute trust income and principal for the plaintiff's benefit either during her lifetime or upon her death. Based upon those findings, the fair hearing officer found the trust income and principal to be deemed available to meet the plaintiff's needs.
This court's "review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial `rubber stamping' of an agency's decisions. Connecticut Light Power v. Dept. of Public UtilitiesControl, 219 Conn. 51, 57, 591 A.2d 1231 (1991); Woodbury WaterCo. v. Public Utilities Commission, 174 Conn. 258, 260,386 A.2d 232 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. Samperi v. InlandWetlands Agency, 226 Conn. 579, 587, 628 A.2d 1286 (1993);Lieberman v. State Board of Labor Relations, 216 Conn. 253, 262,579 A.2d 505 (1990); Baerst v. State Board of Education,34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915,645 A.2d 1018 (1994)." (Internal quotation marks omitted.) Cabasquini v.Commissioner of Social Services, 38 Conn. App. 522, 525-26, cert. denied, 235 Conn. 906 (1995).
A court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom ofInformation Commission, 221 Conn. 393, 397, 604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its CT Page 10233 discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
The Medicaid program is a "joint federal-state venture providing financial assistance to persons whose income and resources are inadequate to meet the cost of necessary medical care." Burinkas v. Dept. of Social Services, 240 Conn. 141, 148
(1997). Although a state's participation is voluntary, once it has elected to participate, it must "develop a plan, approved by the secretary of health and human services, containing reasonable standards . . . for determining eligibility for and the extent of medical assistance." Id. Under General Statutes § 17b-260, the commissioner of social services is authorized to take advantage of the medical assistance program provided in Title XIX of the Social Security Act, codified as 42 U.S.C. § 1396, et seq., and under § 17b-2 the Department of Social Services administers the Medicaid program.
The department has promulgated regulations as part of its uniform policy manual to administer the Medicaid program. General Statutes § 17b-262. In General Statutes § 17b-264, the legislature recognized the primacy of the applicable federal provisions.[1] "[T]he federal statutes and regulations set a limit upon the authority of the commissioner as well as furnishing a guide to his administration of the program." Clarkv. Commissioner, 209 Conn. 390, 397 (1988).
Under the pertinent provisions of the Department's uniform policy manual, the asset limit for the Medicaid program is $1600 for one, and eligibility is determined the first day of the month in which the applicant reduces her equity in counted assets to within the asset limit. Uniform Policy Manual §§ 4005.10, 4005.15. Regarding inter vivos trusts, the following provisions of the Uniform Policy Manual are pertinent:
§ 4030.80 A.
 1. A trust is considered both an asset representing an investment and as a source of income which the beneficiary may receive on a regular basis. CT Page 10234
 2. The Department considers the converting of an available asset into the form of a trust or similar asset to be a transfer to the extent that it is no longer available to the individual. (Cross reference: 3025-3028).
§ 4030.80 C. Medicaid Qualifying Trusts — MA
 In addition to funds in inter vivos trusts described in paragraph B, the funds in an inter vivos trust, to the extent that they may be used at the discretion of the trustee, are considered available to an individual if:
 1. The trust was established by the individual or individual's spouse prior to August 11, 1993; and
2. The individual is a beneficiary of the trust; and
 3. The trustee is able to distribute the funds to the individual at the trustee's discretion. This is true even if:
 a. The trust is irrevocable; and
 b. The trustee does not exercise his or her discretion.
§ 4030.80 F. Irrevocable Trusts
 1. The department considers the portion of the corpus of a trust, or the income generated by the corpus of a trust to be an available asset of the individual if there are any circumstances under which a payment from the trust could be made to or on behalf of the individual.
 2. The Department considers payments from that portion of the corpus or income generated by the corpus of a trust described in paragraph 1 to be:
 a. the individual's income, if the payments are to or for the benefit of the individual; and
 b. a transfer of assets by the individual, as described in chapter 3028, if the payments are for any other purpose.
The fair hearing officer referred explicitly to the language CT Page 10235 of § 4030.80 F(1) and § 4030.80 C(3) (italicized above) of the Uniform Policy Manual in reviewing the trust. The pertinent provisions of the trust read are from Article I and Article VII. Article I states:
Distribution of Trust Funds During the Grantor's Lifetime.
 The Trustee shall pay or apply the net income of the trust estate to or for the benefit of the Grantor during the Grantor's lifetime.
 Upon the death of the Grantor, the Trustee shall distribute any remaining trust principal to, or in trust for the benefit of such person or persons (limited, however, so long as there be any, to the Grantor's then or thereafter living descendants upon such conditions and terms, as the Grantor shall direct and appoint by a Will expressly referring to and exercising this power; provided, however, that this power shall not be exercisable to any extent for the benefit of the Grantor, his estate, his creditors or the creditors of his estate. Any trust principal not effectively so appointed shall be disposed of pursuant to Article II.
Section F. of Article 7 states:
 Permissible Use of Trust Funds. Upon the death of the Grantor, the Trustee may in its discretion purchase property from the Grantor's estate, make loans to the Grantor's estate, and guarantee the obligations of the Grantor's estate and pledge trust property as security therefor upon whatever security the Trustee considers advisable. This provision shall not give either the Grantor or the Grantor's estate any right or authority over trust property.
The plaintiff argues that the hearing officer misconstrued the federal statute, 42 U.S.C. § 1396a, in finding that the above language from the trust supported a conclusion that the trust principal was an available asset.[2] The relevant provisions of that statute are as follows:
 (k)(1) In the case of a Medicaid qualifying trust (described in paragraph (2)), the amounts from the trust deemed available to a grantor, for the purposes of subsection (a)(17), is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for CT Page 10236 the distribution of the maximum amount to the grantor.
The plaintiff argues that because none of the trust principal is available to her during her lifetime, it is not an amount deemed available to her under federal law. There is no provision in the trust allowing the trustee to distribute the principal to the grantor. The hearing officer clearly relied on the state regulatory language found in the uniform policy manual, and in fact did not refer to the federal statutory language. As noted above under the state's regulations "the department considers the portion of the corpus of a trust, or the income generated by the corpus of a trust to be an available asset of the individual if there are any circumstances under which a payment from the trust could be made to or on behalf of the individual." This language is broader than the language of 42 U.S.C. § 1396a which refers to "the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor."
The defendant argues that even under 42 U.S.C. § 1396a, the determining factor in deciding how much of the trust corpus is available is "the maximum payment the trustee may disburse for the grantor's benefit during the trust's existence, not just during the guarantor's lifetime." (Defendant's Brief p. 16.) The defendant refers to the Supreme Court case, Forsyth v. Rowe,226 Conn. 818 (1993), presumably to alert this court in particular to the following language:
 Our conclusion reflects the legislative concern that the Medicaid program not be used as an estate planning tool. The Medicaid program would be a fiscal risk if individuals were permitted to preserve assets for their heirs while receiving Medicaid benefits from the state. Congress enacted the Medicaid qualifying trust provision as an addition to the "provisions designed to assure that individuals receiving nursing home and other long-term care services under Medicaid are in fact poor and have not transferred assets that should be used to purchase the needed services before Medicaid benefits are made available." H.R. No. 99-265, 99th Cong., 1st Sess. 71 (1985).
226 Conn. 828-829.
The holding of that case, however, is solely that the trust established with the funds of a beneficiary of the trust is a Medicaid qualifying trust under 42 U.S.C. § 1396 (k). The Supreme Court remanded the case for a determination of the amount CT Page 10237 of trust assets available to the plaintiff's ward "up to the maximum amount of payments that the trustee could disburse if he exercised his full discretion under the terms of the trust whether the distributions are actually made. 42 U.S.C. § 1396
(k)(1)." Forsyth v. Rowe, supra, 226 Conn. 830. On remand, the trial court reviewed the trust and found that the trustee had discretion to make payments and invade the trust principal for distribution to the ward.[3]
Here, the trust provides the trustee with no discretion in distributing any portion of the trust principal to the grantor. The words of § 1396a(k)(1) are plain and unambiguous in the phrase "distributed to the grantor".
"It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates the intent. . . . In seeking to discern the intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship with existing legislation . . ." (Citations omitted) Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 234 (1996). As noted by the trial court on remand in the Forsyth v. Rowe, the legislative history behind the federal statute supports the court's interpretation that trust assets are deemed available if "the trustee has any discretion with respect to distribution to Gregory [ward]." That legislative history includes the following:
 The provision does not, however, authorize States to apply standards more restrictive than those set forth in the Committee bill to beneficiaries of Medicaid qualifying trusts, such as deeming available to a beneficiary assets that have been irrevocably placed in trust and over which the trustee can exercise no discretion whatsoever. H.R.Conf. Rep. No. 99-265, 99th Cong. 1st Sess. 72-73 (1985).
Forsyth v. Rowe, Superior Court, Judicial District of Hartford/New Britain at Hartford, Doc. No. 910396327-S, 13 CONN. L. RPTR. 627 (March 23, 1995). Thus, this court is "not in a position to voice an opinion that a `loophole' exists; and if one does, any perception or correction of same would be legislative." Pollak v. Dept. ofHealth and Rehabilitative Services, 579 So.2d 786, 788 (Fla. 4th DCA 1991). CT Page 10238
The trust here has no provision allowing the trustee to pay to the plaintiff any portion of the trust corpus in during the plaintiff's lifetime. The state regulations upon which the fair hearing officer relied are more restrictive upon the applicant than the federal statute because those provisions define available assets as payments that could be made "to or on behalf of" the individual, rather than simply "to the grantor." Under General Statutes § 17b-264 and the legislative history of § 1396a, that reliance was misplaced.
This court does not ignore the discourse on legislative intent and public policy by the Supreme Court in Forsyth. In this case, the plaintiff, at an advanced age, established an irrevocable trust four years prior to her application for Medicaid benefits. She paid for her long term care during that period of time. The terms of the trust leave the trustee no discretion to distribute any portion of the principal of the trust to the plaintiff. Accordingly, the trust principal is not an asset available to the plaintiff. Forsyth v. Rowe, supra,226 Conn. 829.
The appeal is sustained.
DiPentima, J.