EQUAL EMPLOYMENT OPPORTU-
NITY COMMISSION, Plaintiff—
Appellant,

v.

WAL–MART STORES, INC,
a Delaware corporation,
Defendant—Appellee.

No. 00–16887.
D.C. No. CV–94–00465–WDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided May 16, 2002.

Before REINHARDT, FISHER, Circuit Judges, and MOLLOY,* District Judge.

## MEMORANDUM **

In 1992, the Equal Employment Opportunity Commission ("EEOC") sued the defendant, Wal–Mart Stores, Inc. ("Wal–Mart"), alleging that it wrongfully discriminated against Jamey Stern in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., when it refused to rehire her on the basis of her pregnancy. A jury subsequently found that Wal–Mart intentionally discriminated against Stern and awarded her approximately $1700 in back pay and interest. The district court, however, ruled that the EEOC failed to present sufficient evidence to support an award of punitive damages and therefore refused to submit the issue of punitive damages to the jury. The EEOC appealed to this court. On September 24, 1998, we held that the EEOC had presented sufficient evidence of Wal–Mart's malice or reckless indifference to support an award of punitive damages and therefore remanded for the district court to conduct a trial solely on the issue of punitive damages. *See EEOC v. Wal–Mart Stores, Inc.*, 156 F.3d 989, 992–93 (9th Cir.1998) [hereinafter *EEOC I* ].

In February 1999, the first punitive damages trial ended with a deadlocked jury and the district court declared a mistrial. Before the second punitive damages trial began, the Supreme Court issued its opinion in *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). The Court held that in order to hold an employer liable for

---

* The Honorable Donald Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

punitive damages, the plaintiff must demonstrate that the employer discriminated "in the face of a perceived risk that its actions will violate federal law." *Id.* at 536, 119 S.Ct. 2118. The Court also held that a claim for punitive damages could be defeated by a showing that the managerial agents' discriminatory acts were "contrary to the employer's good-faith efforts to comply with Title VII." *Id.* at 545, 119 S.Ct. 2118 (internal quotation omitted). Following that decision, the parties conducted discovery based on the issues raised by *Kolstad* and then proceeded to trial.

The second punitive damages trial began on May 23, 2000. Prior to trial, the district court ruled that the EEOC was prohibited from presenting any evidence of Wal–Mart's alleged "cover-up" of its discriminatory acts—that is, the district court excluded all evidence related to events after Wal–Mart made its decision not to hire Stern in 1991. On May 25, 2000, the jury deadlocked and the district court again declared a mistrial.

The third punitive damages trial commenced on August 2, 2000. Despite the earlier jury verdict that Wal–Mart intentionally discriminated against Stern, and over the EEOC's objection, the district court allowed Wal–Mart's personnel manager and assistant manager to testify about their version of their interview with Stern and their treatment of Stern's application for employment. Additionally, evidence about Wal–Mart's cover-up was again excluded by the district court. At the conclusion of the evidence, the jury found for Wal–Mart. The EEOC again appealed to this court.

■ On appeal, the EEOC first contends that the district court erred in excluding all evidence on matters that were "after the critical events" and "post–1991"—namely, all evidence of Wal–Mart's attempts to cover-up its discriminatory acts in refusing to hire Stern on the basis of her pregnancy. We agree. The following are examples of the excluded evidence:

- During the EEOC investigation in 1992—approximately one year after Stern's application for employment was rejected—Wal–Mart claimed that Stern was not hired because she indicated on her job application that due to her pregnancy, she could only work limited hours. However, Stern never made such a request on her application or elsewhere.

- At the very first trial on the claim of intentional discrimination, an assistant manager of Wal–Mart testified that she conducted a face-to-face interview with Stern and filled out a corresponding "Interview Comment Sheet." Wal–Mart was unable to produce this comment sheet, although it had this sheet for every one of the other fifty applicants interviewed approximately at the same time.

It is self-evident that this evidence is highly probative for a determination of punitive damages. In *EEOC I*, we explicitly stated that "the evidence regarding the attempts by Wal–Mart managers to cover up their discriminatory conduct supports the EEOC's claim of reckless indifference to Stern's federally protected rights." *EEOC I*, 156 F.3d at 993. There is no question that the evidence of Wal–Mart's attempts to cover-up its discriminatory conduct after 1991 is relevant to a determination of punitive damages and to the question of whether Wal–Mart has a good-faith defense. *See Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 516 (9th Cir.2000) (stating that relevant evidence sufficient for allowing award of punitive damages included fact that "the jury could have found that defense witnesses lied . . . about their

actions, as part of a continuing effort to cover up their campaign against her").

■ Wal–Mart argues that the exclusion of this cover-up evidence was harmless because the jury heard similar evidence. It is incorrect.[1] Although the jury was informed that a previous jury found Wal–Mart guilty of intentional discrimination, the jury also heard two Wal–Mart employees testify to their version of the events surrounding Stern's application. The EEOC was not able to introduce any direct or specific evidence that Wal–Mart employees lied. This evidence would have made a difference, and its exclusion was prejudicial.[2] We said as much in *EEOC I* and it is unfortunate that we have to say it again here.[3] So we will state it as plainly as possible: the district court abused its discretion in excluding this evidence and upon retrial this evidence must be allowed.

■ The EEOC also argues that the district court erred in allowing Wal–Mart managers to testify to their version of the events surrounding Stern's application for employment. The EEOC is correct.

When the first jury found that Wal–Mart intentionally discriminated against Stern, the jury necessarily rejected Wal–Mart's version of the events and credited the EEOC's. For example, it is highly likely that the jury credited the EEOC's evidence that Wal–Mart lied when stating that Stern requested limited hours, as there was no evidence that Stern made such a request. Therefore, the district court abused its discretion when it allowed Wal–Mart employees to testify to their version of events—a version which directly contradicts the first jury's finding of intentional discrimination.[4] *See Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir.1993).

In sum, we reverse the jury's verdict and remand for trial. The district court abused its discretion by excluding the cover-up evidence. Additionally, it abused its discretion when it allowed Wal–Mart employees to testify to their version of the events surrounding Stern's application for employment.

1. Wal–Mart also argues that the EEOC waived its right to object to the exclusion of this evidence because it failed to object at trial. Again, it is incorrect. The EEOC objected to the exclusion of this evidence after the district court ruled prior to trial that the body of such evidence was excluded. The EEOC did not need to renew its objection or make a new offer of proof later at trial. *See Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir.1995); Fed.R.Evid. 103(a)(2).

2. We also reject Wal–Mart's argument that the jury could have found that Wal–Mart presented a satisfactory good-faith defense. The verdict form simply stated that the jury found in favor of Wal–Mart. There is no evidence that the jury's verdict was on the basis of accepting Wal–Mart's good-faith defense. Moreover, the wrongfully excluded cover-up evidence directly contradicts evidence of Wal–Mart's alleged good-faith. Therefore, we cannot uphold the jury verdict on any supposed acceptance of Wal–Mart's defense.

3. In *EEOC I*, we stated:

In sum, the jury was presented with evidence that an assistant manager at Wal–Mart's Green Valley store intentionally discriminated against Stern based on her pregnancy and that the assistant manager and other Wal–Mart officials attempted to cover up their discriminatory conduct. Under these circumstances, we hold that the district court, as a matter of law, should have allowed the jury to determine whether punitive damages were warranted.

*EEOC I*, 156 F.3d at 993.

4. We reject Wal–Mart's argument that the EEOC waived any objection to this error because it did not object at trial. The EEOC did object to the relevance of the evidence Wal–Mart presented on this issue. This objection is sufficient to preserve this issue on appeal.

In light of the fact that the forthcoming trial will be the fourth trial on the issue of punitive damages, we state a few guidelines to the district court. First, the EEOC is entitled to present the finding of facts implicit in the first jury's finding that Wal–Mart intentionally discriminated against Stern on the basis of her pregnancy. *See Robertson Oil Co. v. Phillips Petroleum Co.*, 930 F.2d 1342, 1344–45 (8th Cir.1991). To that end, it may present the EEOC's Proposed Statement of Established Facts or a similar document to the jury. The factual findings of which the jury are to be informed include, among others, the following:

1. Wal–Mart intentionally discriminated against Stern.
2. Wal–Mart refused to hire Stern because of her pregnancy and not for any other reason.
3. Stern at no time expressed doubts about her desire or ability to perform the job.
4. Stern did not withdraw her employment application at any time.
5. Wal–Mart fabricated the story that Stern withdrew her application.
6. Wal–Mart fabricated the story that Stern expressed doubts about her desire or ability to perform the job.
7. Wal–Mart fabricated the story that Stern requested limited hours on her job application.

Wal–Mart is prohibited from making any argument or eliciting any testimony that would contradict any of these findings. Moreover, the EEOC is entitled to have the jury instructed on any of these findings (or others that, based on the arguments that may be made to the district court on remand, the court finds were necessarily found by the first jury). Second, the EEOC may present evidence of any cover-up conducted by Wal–Mart after Stern's application was rejected. With these mandates, we remand for a fourth, and, we hope, final, punitive damages trial.

REVERSED AND REMANDED.